CITY OF EAST LANSING *v.* MERIDIAN TOWNSHIP
BUILDING INSPECTOR.

1. TOWNSHIPS—MUNICIPAL    CORPORATIONS—BUILDING    PERMIT—
   CERTIFICATE OF OCCUPANCY—BUILDING CODE—ZONING ORDINANCES
   —CONDITIONS PRECEDENT.
       While a building permit must be issued under township building
   code before the certificate for occupancy and compliance is
   issued under the zoning ordinance requiring that the certificate
   be applied for coincidentally with application for building
   permit, the failure to apply for the certificate would render the
   application for the building permit fatally defective, since
   it seems to be a condition precedent to the granting of a
   building permit (Meridian Township Building Code, § 500;
   Zoning Ordinance, § 1100.03).

2. SAME—BUILDING PERMIT—MAP—PLANS—ARCHITECT'S SEAL.
       Township building inspector properly refused issuance of build-
   ing permit where building code required a map showing loca-
   tion of proposed structures and 2 complete sets of plans and
   specifications bearing the seal of a registered architect and
   application was not accompanied by plans or map.

3. SAME—BUILDING CODE—PERMITS—VALIDITY OF ZONING ORDINANCE.
       Whether or not application for building permit raised an issue
   as to validity of restriction of zoning ordinance as to use
   of city's property, located within defendant township, is not
   determined, where application was fatally defective under
   building code itself (Meridian Township Building Code, § 500;
   Zoning Ordinance, § 1100.03).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 9 Am Jur, Buildings § 7.
[4, 5] 34 Am Jur, Mandamus § 36.
[5] 34 Am Jur, Mandamus § 188.
[5] Requiring permits for erection of garages.    40 ALR 345; 55
ALR 373; 84 ALR 1149.

4. MANDAMUS—RIGHT TO WRIT.
    Mandamus does not issue unless there is clear legal right to the
        relief sought and a clear legal duty to perform the act sought
        to be compelled.

5. SAME—BUILDING PERMIT—PREJUDICE.
    Writ of mandamus to compel issuance of building permit to city
        for erection of municipal garage on property owned by city
        within territory of defendant township is dismissed without
        prejudice to subsequent proceedings, where city's application
        for building permit was fatally defective.

Appeal from Ingham; Hayden (Charles H.), J. Submitted November 27, 1951. (Calendar No. 45,081.) Decided January 7, 1952. Rehearing denied March 6, 1952.

Mandamus by City of East Lansing to compel Earl Wilson, Meridian Township Building Inspector and Zoning Administrator, and others to issue a building permit. Dr. W. G. Peretz and others intervened as parties defendant. Writ granted. Defendants and intervenors review by appeal in nature of certiorari. Reversed without prejudice.

*Russell A. Searl (Pierce, Planck & Ramsey,* of counsel), for plaintiff.

*Frederick C. Newman, Jr.,* for defendants.

*Kit Clardy,* for intervenors.

BOYLES, J. This is an appeal in the nature of certiorari, by the building inspector and others, for Meridian township, Ingham county, from a judgment entered in the Ingham county circuit court granting the city of East Lansing a writ of mandamus commanding the defendant building inspector of said township to issue a building permit for the erection of a garage on property owned by the city in said township. Other defendants, as members of the

township board of appeals for said township, were commanded by said writ to take such steps, if any, as might be required of them to cause such a building permit to be issued. Certain other residents of the township were allowed to intervene as defendants and have joined the township in this appeal.

In May, 1948, the township adopted a building code (ordinance) setting up minimum construction requirements for buildings in said township. It provides for a building inspector charged with the administration and enforcement of the code, and (*inter alia*) requires that a permit be obtained from him before the erection of any building in the township. It further provides that applications for such permits must be made in writing upon printed forms furnished by the building inspector, and also provides for a board of appeals "in order that the provisions of this ordinance may be reasonably applied and substantial justice done in instances where practical difficulties are apparent or unnecessary hardship would result in carrying out the strict letter of this code." Said board of appeals consists of the same persons (appointed by the township board) who constitute the *zoning* board of appeals under the zoning ordinance subsequently adopted.* The building inspector under the building code is also the zoning administrator under the zoning ordinance.

In September, 1948 (approved by the electors November 2, 1948), the township adopted a zoning ordinance, to which reference will be made later.

For a number of years prior to the enactment of the aforesaid ordinances the city of East Lansing owned property in Meridian township upon which it now seeks to erect a municipal garage. The property had been used for other municipal purposes, mainly recreational. In August, 1950, the city applied to

* See PA 1943, No 184 (CL 1948, § 125.271 *et seq.* [Stat Ann 1949 Rev § 5.2963(1) *et seq.*]).

the township building inspector, on a form supplied by the inspector, for a permit to construct a municipal garage on the property in question. The application was denied without stating any reason therefor, nor does the reason for such denial appear in the record. The city claims that its application was denied on the ground that the garage would be a violation of the zoning ordinance. Counsel for the defendants claim that it was denied because the application was fatally defective, that it did not comply with certain mandatory requirements of the building code; and that for that reason the building inspector properly refused the permit. However that may be, the city thereupon appealed to the defendant township board of appeals. The appeal states that it was taken from the building inspector,

"under the so-called township building code of Meridian township, who is also the zoning administrator under the Meridian township zoning ordinance.
* * *

"This appeal is taken in accordance with provisions of each of said ordinances and request made for hearing in accordance with the provisions thereof, and that your board thereupon take the necessary action to reverse such decision of said building inspector and zoning administrator *and cause said building permit to be issued to the city of East Lansing in accordance with said application.*" (Emphasis supplied.)

The appeal was addressed to defendant James M. Apple, chairman of the board of appeals under the township building code, "and, also, chairman of the township board of appeals under ordinance of the township of Meridian known as 'Meridian township zoning ordinance.'"

Soon afterward, the board of appeals passed upon the appeal, and notified counsel for the city as follows:

*"Dear Mr. Searl:*

"On August 25, 1950 the city of East Lansing appeared before the board of appeals requesting permission to build a city garage on property owned by the city, in Meridian township. This property is zoned, Recreational.

"It is the opinion of the board of appeals that this request be turned down.

"Sincerely,
"(s) James M. Apple
"James M. Apple
"Chairman"

Did the board of appeals act as such under the building ordinance, under the zoning ordinance, or both? No reason was given for the denial, and the notice to counsel for the city would appear to leave the question open to doubt. However, there is no question but that the appeal to the board of appeals was from the refusal of a building permit, by the building inspector, under the building code, and not under the zoning ordinance.

The next step in the proceedings was taken by the city by filing a petition in Ingham county circuit court for mandamus to compel the defendant Earl Wilson, as building inspector under the township building code, to issue a building permit. It refers to the application made by the city to said defendant building inspector, for a permit in accordance with the provisions of the ordinance "known as the township building code," and claims that the application was in proper form. It alleges:

"That it became and was the duty of the defendant building inspector to issue building permit in accordance with said application and that his refusal to do so was contrary to the just rights of plaintiff and is without authority of any law. Petitioner further alleges that it became and was the duty of the remaining defendants, acting as the board of appeals,

said appeal having been taken, to cause such building permit to be issued and the refusal of said board so to do was contrary to the just rights of plaintiff and is without authority of any law.   *   *   *

"Wherefore, petitioner prays:   *   *   *

"That   *   *   *   said writ of mandamus issue out of and under the seal of this court requiring said defendant building inspector to issue or cause to be issued a permit in legal form for the construction of the proposed building by plaintiff in accordance with such application, and requiring the remaining defendants to take such action as may be necessary as members of the said board of appeals, if any, to cause such building permit to be issued."

No good reason appears why Meridian township should have 2 such separate ordinances, and then tie them together with a single enforcement administrator and a single board of appeals to review the action taken by the inspector or administrator under either or both ordinances. Obviously the controversy in the instant case arises out of the confusion resulting from such a condition. The circuit judge, in a commendable attempt to decide the matter with some finality and thus forestall further litigation, combined the issue as one raised under both the building code and the zoning ordinance and decided, for reasons under the zoning ordinance, that the writ should issue. In so doing, the court relied on *Faucher* v. *Grosse Ile Township Building Inspector,* 321 Mich 193. However, an examination of the record as well as the opinion in that case shows that it concerned only one ordinance, a zoning ordinance, and that a building permit was sought solely under and in compliance with its provisions. Under the exceptional and confusing circumstances of the instant case, the record does not indicate that the city ever made any application under the provisions of the Meridian township zoning ordinance. That ordinance does

not require a building permit, as is required by the building code. On the contrary, the zoning ordinance requires a "certificate for occupancy and compliance," that both the building and its use comply with both the zoning ordinance and the building code. However, their requirements are quite dissimilar. Furthermore, the zoning ordinance requires that:

"Certificates for occupancy and compliance shall be applied for coincidentally with the application for a building permit and shall be issued within 10 days after the lawful erection or alteration of the building is completed."

It thus appears that the application for a building permit, under the building code, must be accompanied by an application, under the zoning ordinance, for a "certificate for occupancy and compliance," which was not done in this case. Why such separation, under different ordinances, is a question unexplained in the record or briefs in the instant case. One conclusion, however, is inescapable. A building permit to start the erection of a building, under the building code, must be issued before a "certificate for occupancy and compliance" is issued under the zoning ordinance "within 10 days *after* the lawful erection or alteration of the building is completed."

We are constrained to agree with appellants that the application for the building permit is fatally defective in that it does not comply with the requirements of the building code. The building inspector would have no right to issue a building permit under the circumstances of the instant case. Section 1100.03 of the zoning ordinance, in providing that certificates for "occupancy and compliance" shall be applied for coincidentally with the application for a building permit, states:

"No permit for excavation for, or the erection or alteration of, any building shall be issued before the

application has been made for certificate of occupancy and compliance."

Application for a certificate of occupancy and compliance seems to have been made a condition precedent to the granting of a building permit.

Section 103 of the building code requires that the building inspector shall not issue a permit based on any plans or specifications which do not bear the seal of a registered architect, except under certain circumstances which were not negatived by the city's application. No such plans or specifications were furnished the building inspector with the application.

Section 500 of the building code requires that, in order for the building inspector "to determine satisfactory compliance with requirements," the application shall be accompanied by 2 complete sets of plans and specifications conforming to the requirements of section 501 of the code. This was not done, and in the absence thereof the building inspector was not in a position to determine whether there was a satisfactory compliance with the building code.

A similar situation confronted the building inspector because there was an absence of drawings and a site map "clearly showing the exact location of all structures * * * to be constructed," as required by section 501.1 of the building code.

Because of the failure of the city to comply with the ordinance requirements, and in the absence of such basic information, the building inspector was not in a position to issue the permit. The trial court was in error in issuing the writ of mandamus to compel the building inspector to issue the permit. This is the only proper issue before us. We are not in accord with appellee's claim that the question here for decision is whether the application for the permit sufficiently raised an issue whether the *zoning* ordi-

nance created a valid restriction as to the use of the city's property.

The only question here is whether the writ of mandamus should issue compelling the defendants to grant the building permit. Mandamus does not issue unless there is a clear legal right to the relief sought and a clear legal duty to perform the act sought to be compelled. The judgment of the trial court is set aside and the writ dismissed, without prejudice to any proper proceedings that may be initiated hereafter.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred. DETHMERS, J., did not sit.