McGIVERIN *v.* CITY OF HUNTINGTON WOODS.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—REASONABLE-NESS.

    A zoning ordinance must be reasonable and its reasonableness is the test of its legality.

2. CONSTITUTIONAL LAW—ZONING ORDINANCES—POLICE POWERS.

    Zoning ordinances are a valid exercise of police power when related to the public health, morals, safety or general welfare.

3. MUNICIPAL CORPORATIONS—BURDEN OF PROVING ZONING ORDINANCE INVALID.

    One seeking to have a zoning ordinance declared invalid has the burden of affirmatively proving by competent evidence that the ordinance is an arbitrary and unreasonable restriction upon the use of his property.

4. SAME—ZONING ORDINANCE—BUFFER AREAS—LOSS OF USE.

    The fact that so-called "buffer" areas are made when zoning a city does not permit the zoning authorities to draw lines arbitrarily without regard to the reasonable rights of the owners and a significant, although not conclusive, factor in the weighing of the public benefit against the right of an individual landowner to use his property to the greatest advantage is the depreciation and loss of use as a result of the application of the ordinance.

5. SAME—ZONING ORDINANCE—RESIDENTIAL USE—COMMERCIAL AREA.

    Application of single family residential zone to block of 8 lots, each 20 feet wide, located on northwest corner of intersection

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 21.
[2] 58 Am Jur, Zoning §§ 18, 26.
[3] 58 Am Jur, Zoning § 223.
[4] 58 Am Jur, Zoning §§ 139, 140.
[5] 58 Am Jur, Zoning §§ 141, 142.
[6, 7] 58 Am Jur, Zoning § 140.
[8] 9 Am Jur, Buildings § 7.

of 2 busy thoroughfares was unreasonable, and deprived owners of their property without due process of law, where a shopping center was located on diagonal corner, a doctor's clinic on another corner of the intersection and 5 residential dwellings are north of the tract and subdivision restrictions permit use for stores as desired by plaintiff owners (City of Huntington Woods Ordinance No 130).

6. SAME—ZONING ORDINANCE—PROPERTY VALUES.
   A zoning ordinance which renders property almost worthless is unreasonable and confiscatory, and therefore illegal.

7. SAME—ZONING ORDINANCE—DIMINUTION OF PROPERTY VALUES.
   In determining whether the invasion of property rights under a purported police power, is unreasonable and confiscatory, the extent to which property values are diminished by the provisions of a zoning ordinance must be given consideration.

8. SAME—BUILDING PERMIT—CERTIFICATE OF OCCUPANCY—ERECTION OF BUILDING.
   Applicant for building permit may not be denied such permit because at the same time he did not apply for a certificate of occupancy, where ordinance did not require latter before erection or alteration of building.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 10, 1955. (Calendar No. 46,308.) Decided October 3, 1955.

Mandamus by William L. McGiverin and Triangle Development Company, a Michigan corporation, against the City of Huntington Woods, a municipal corporation, W. Earl Begrow, its building inspector, and William A. Lawler, its superintendent of public works, to compel issuance of building permit. Evelyn Burton, neighborhood resident, intervened as party defendant. Judgment for plaintiff. Defendants appeal. Affirmed.

*David Colman* and *Moll, Desenberg, Purdy & Glover,* for plaintiffs.

*H. Eugene Field,* for defendants city and city officials.

*Berger, Manason & Kayes,* for intervenor.

SMITH, J. This is a mandamus action. Plaintiffs want a building permit. The property involved is located on the north side of 10 Mile road and west of Scotia road in defendant city of Huntington Woods. Ten Mile, it should be noted, is the southern boundary between the city of Huntington Woods and its southerly neighbor, Oak Park, while Scotia road, at this point, forms the western boundary of the Rackham municipal golf course. Both roads carry heavy traffic, and a light for the control thereof is located at the intersection.

The lots involved are 8 in number, each (with the exception of a triangular corner lot) having a 20-foot frontage on 10 Mile, with a depth of 100 feet (plus 10 feet of vacated alley). The subdivision restrictions provide that on the lots in dispute may be erected 2-family dwellings or stores. Immediately north of the lots are 5 residential dwellings. Diagonally across from them, however, is a substantial shopping center and at the southwest corner is found a doctor's clinic. Such is the immediate area involved.

Plaintiffs are William L. McGiverin and Triangle Development Company, a Michigan corporation, owners of the lots involved, who will hereafter be referred to in the singular as plaintiff. Mr. McGiverin was the original subdivider of the subdivision in which the lots involved are located. On or about March 3, 1953, plaintiff filed an application for a building permit for the construction, on these lots, of

several stores, specifically a 7-store building of a type described as a "Williamsburg Row," which is of colonial design. This permit was denied by the defendant city because of noncompliance with the zoning ordinance and the fire limits ordinance, the latter of which specified full fireproof construction. Subsequently the plans were changed to meet the fireproofing requirement and were resubmitted. On April 22, 1953, the revised plans were rejected as not being in compliance with the zoning ordinance. Plaintiff thereafter, on June 27, 1953, petitioned the court for a writ of mandamus to compel the issuance of the building permit.

At issue in this case is the validity of various zoning ordinances adopted by the city of Huntington Woods. It is undisputed that under ordinance No 87 of the city of Huntington Woods, as amended, the use contemplated by plaintiff was a permitted use. Under this ordinance the property was zoned for business. On May 13, 1948, ordinance No 96 was adopted by the defendant city, purporting to amend ordinance No 87. Under its provisions, plaintiff's property was placed in zone 2, a duplex residential classification. After this action was filed by plaintiff, in which it attacks the validity of ordinance No 96, on the ground of improper publication (CL 1948, § 125.584 [Stat Ann 1949 Rev § 5.2934]; see *Krajenke Buick Sales* v. *Hamtramck City Engineer,* 322 Mich 250), the defendant city enacted ordinance No 130, which was adopted on August 18, 1953. It placed plaintiff's property in zone 1, a single-family residential classification.

While much emphasis has been placed on the validity and legal status of each of the ordinances, and, particularly on whether the last enactment of the city of Huntington Woods is retroactive, thus barring effectively plaintiff's proposed use of its property, the crux of the case is whether the action of

the defendant city is an unreasonable, oppressive and a discriminatory exercise of the police power insofar as it affects plaintiff.

Little is to be gained by a lengthy discussion of the numerous cases holding that a zoning ordinance must be reasonable and that its reasonableness becomes the test of its legality, *Hammond* v. *Bloomfield Hills Building Inspector*, 331 Mich 551; *Janesick* v. *City of Detroit*, 337 Mich 549; and *Anchor Steel & Conveyor Co.* v. *City of Dearborn*, 342 Mich 361.

In *Janesick* v. *City of Detroit, supra,* the sole question to be determined by the court was whether or not the city zoning ordinance, as applied to plaintiffs' property, was a reasonable exercise of police power. We there said at pages 553, 554, that:

"This Court has had frequent occasion to pass upon zoning ordinances. General principles have evolved from our decisions and have been adhered to, but the application of those principles to particular cases is sometimes difficult. We have held that zoning ordinances, when related to the public health, morals, safety or general welfare, are a valid exercise of police power, but that such ordinances must be reasonable in their application. One who seeks to have an ordinance declared invalid has the burden of affirmatively proving by competent evidence that the ordinance is an arbitrary and unreasonable restriction upon the use of his property. *Hammond* v. *Bloomfield Hills Building Inspector,* 331 Mich 551.

"Defendant insists that the 2 primary factors that motivate plaintiffs in their effort to remove the residential zoning restrictions from their property are the present lack of available financing for construction purposes and the potential increase in the market value of the property if light manufacturing uses were permitted. Such matters, the city says, should be given little or no consideration in a determination of the reasonableness of the ordinances. It is their contention that the public welfare outweighs

possible injury to the individual and that any zoning ordinance is apt to bring about a reduced valuation to the owner of property along the division line between an area zoned for residential purposes and one zoned for commercial and manufacturing purposes.

"It is to be conceded that the zoning of any city will result in so-called 'buffer' areas, but it does not follow that such lines of division can be arbitrarily drawn by the zoning authorities without regard to the existing characteristics of the area itself or without regard to the reasonable rights of the owners. In every case of hardship the rights of the general public must be weighed against the right of the individual land owner to use his property to the greatest advantage. Significant but not conclusive factors in such a determination are depreciation and loss of use by the property owners as a result of the application of the ordinance."

It has been noted that both ordinance No 96 and ordinance No 130 purported to exclude commercial use of the property here in question. Ordinance No 96 was held by the trial court to be nugatory because of fatal defects in adoption, and as to ordinance No 130, it was of the opinion, after hearing the proofs and viewing the premises, "that this ordinance is unreasonable, and confiscatory in nature, depriving the plaintiff of his property without due process of law."

The testimony amply sustains the conclusion that plaintiff's property is not suitable for residential purposes. It is at the intersection of 2 principal thoroughfares, each carrying substantial volume of traffic. So far as the subdivision restrictions are concerned, business has been permitted thereon. From the time it was originally platted, because of its location, it was not restricted to residential use. As the area has grown, the corner has in fact become a business corner. There is already located thereon, and directly across the street, a large super market,

a drug store, a beauty parlor, small neighborhood stores, and a physician's clinic. The lots in question are narrow, being only 20 feet in width. In view of their size it was testified that while single dwellings might be put thereon, "the selling value would be quite low." Obviously, residences in such a location, directly and diagonally facing a commercial center, with its lights, noise, and traffic, would have little appeal for the average home owner. Such undesirability, as always, finds reflection in the market value of the property. As residential property, it was testified, it would bring approximately $25 to $40 a foot, whereas for business purposes the corresponding figure would be $200. The difference is revealing. As we said in *Ritenour* v. *Township of Dearborn,* 326 Mich 242, 250:

"While depreciation in value is not a definite yardstick by which to measure the reasonableness of a zoning ordinance, the Court will give it consideration. The record here shows that most of the value of plaintiff's property has been destroyed by the change in its use required by the ordinance.

" 'A zoning ordinance which renders property almost worthless is unreasonable and confiscatory, and therefore illegal.

" 'In determining whether the invasion of property rights under a purported police power, is unreasonable and confiscatory, the extent to which property values are diminished by the provisions of a zoning ordinance must be given consideration.' *Ervin Acceptance Co.* v. *City of Ann Arbor* (syllabi), 322 Mich 404."

See, also, *Hering* v. *City of Royal Oak,* 326 Mich 232, and *Grand Trunk Western Railroad Co.* v. *City of Detroit,* 326 Mich 387.

Under the circumstances of the instant case we are constrained to agree with the trial judge that the exclusion of business activities upon the property

involved is unreasonable and confiscatory in nature.

Finally, appellants urge that our holding in *City of East Lansing* v. *Meridian Township Building Inspector*, 332 Mich 96, controls our disposition of the case at bar, since, they assert, plaintiff did not apply for a certificate of occupancy at the time the application was made for the building permit We cannot agree with appellants' contention The *East Lansing Case, supra,* involved an ordinance which read, in part:

" 'No permit for excavation for, or the erection or alteration of, any building shall be issued before the application has been made for certificate of occupancy and compliance.' "

In the case at bar the ordinance omitted the words "or the erection or alteration of," an omission of considerable significance with respect to the matter here litigated, namely, the issuance of a building permit. In view of this and other differences in the 2 ordinances, we deem it pertinent to observe that the *East Lansing Case* does not have the breadth ascribed to it by appellants.

Affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.