KREMERS *v.* ALPINE TOWNSHIP.

1. APPEAL AND ERROR—ARGUMENT—CHAOS—TOWNSHIP ZONING OR-
   DINANCE.
   Argument in suit to enjoin enforcement of township zoning ordi-
   nance as to plaintiffs' 30-acre property, zoned for residential
   use and located between 2 properties on which commercial
   uses are permitted, that if the trial judge's determination the
   ordinance as applied to plaintiffs' property lacked uniformity
   of treatment and was arbitrary is affirmed, chaos will result
   and bring unlimited amounts of confusion and litigation *held,*
   without merit.

2. TOWNSHIPS—ZONING ORDINANCE—BOARD OF APPEALS—TRAILER
   PARKS—STATUTES.
   A township zoning ordinance provision which purports to give
   the township board of appeals power to exclude trailer parks
   from the township, in conflict with the trailer coach park act,
   is invalid (CL 1948 and CLS 1954, § 125.751 *et seq.*).

3. SAME—ZONING ORDINANCE—PLAN—PUBLIC HEALTH, SAFETY, MOR-
   ALS AND GENERAL WELFARE.
   A township zoning ordinance must be based on a plan designed
   to promote the public health, safety, morals and general welfare
   (CL 1948, § 125.273).

4. SAME—ZONING ORDINANCE—RESIDENTIAL USE—COMMERCIAL USES
   ON ADJOINING PROPERTIES.
   Continued restriction upon plaintiffs' 30-acre parcel to use for
   residential uses only by township zoning ordinance *held,* not

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  58 Am Jur, Zoning § 188.
[2]  58 Am Jur, Zoning § 63.
   Zoning regulations relating to trailer camps.  22 ALR2d 793.
[3]  58 Am Jur, Zoning § 26.
[4]  58 Am Jur, Zoning § 33.
   Creation by statute or ordinance of restricted residence districts
   from which business buildings or multiple residences are ex-
   cluded.  117 ALR 1117.

designed to longer promote the public health, safety, morals and general welfare, as required by township rural zoning act, where it was located between 2 adjoining parcels and near other parcels which had been rezoned to permit commercial uses, including trailer parks, hence, ordinance was so nullified as to be binding no longer (CL 1948, § 125.273).

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 9, 1959. (Docket No. 46, Calendar No. 47,689.) Decided February 20, 1959.

Bill by Gerrit Kremers, Margarette Kremers, William J. De Vries and Leone De Vries against Alpine Township and George Webber, its building inspector, to declare void zoning ordinance as to them and to enjoin enforcement thereof. Decree for plaintiffs. Defendants appeal. Affirmed.

*Livingston, McDonald & Anderson,* for plaintiffs.

*Walsh, Levandoski & Mitus,* for defendants.

KAVANAGH, J. Plaintiffs are the owners of a vacant 30-acre parcel of land on Alpine avenue (M–37) located in section 25, Alpine township, Kent county, Michigan, approximately 5 miles north of the city of Grand Rapids.

One of the plaintiffs, De Vries, became interested in purchasing the property, but learned that it was zoned "B" residential. This classification did not permit the operation of trailer parks, which use he proposed for the property. After he had discussed the matter with the township supervisor, who expressed approval of the proposed use, he completed his deal with Mr. Kremers in March of 1955. Mr. Kremers retained 542 feet frontage on Alpine avenue to a depth of 505 feet. He conveyed the remainder to De Vries, together with an easement across the parcel retained. Shortly thereafter a petition to the

zoning board of Alpine township was made by plaintiff De Vries asking for a zoning change. It was denied by the board because 75% of the neighbors within 500 feet did not consent to the proposed use. Plans and specifications were completed for the trailer camp and filed with the State health commissioner. De Vries understood that a license would be granted as soon as he satisfied local zoning requirements. Relying on the supervisor's statement De Vries built a roadway from Alpine avenue to his property. Subsequently another petition was filed for a zoning change to permit commercial use of the De Vries parcel and the parcel retained by Kremers. This was denied, as was a petition for a zoning variance made by the plaintiffs herein to the board of appeals because 75% of the neighbors within 500 feet did not consent to the proposed use. Plaintiffs then became partners, transferred title so that they became owners in common of the entire parcel, and brought a suit in equity to enjoin defendant officials from taking any action to classify plaintiffs' property in a class less liberal than "C–2" commercial and to permit plaintiffs to establish a trailer park on part of the property.

Plaintiffs' property is located in section 25, Alpine township, at about the east-west one-quarter line. At the time plaintiffs were attempting to obtain a zoning change, each separately owned parcel in section 25 along Alpine avenue was zoned parcel by parcel as follows: Bekins' parcel, being a 40-acre piece, was zoned Industrial 5. This is the least restrictive classification contained in the Alpine township zoning ordinance, and permits any use not constituting a nuisance to adjoining property owners. The parcel immediately to the north of the one just mentioned is zoned "C–2" commercial. The next parcel to the north is zoned "B" residential, which permits multiple dwellings, motels, private clubs, boarding

houses, schools, churches, greenhouses, public garages, et cetera. The next parcel to the north is zoned "C–2." The next parcel to the north is owned by plaintiffs and is zoned "B" residential. The next parcel to the north is owned by Howard Campbell and is zoned "C–3." This zone permits, in addition to the uses permitted in "C–2" zones, gravel pits, sawmills, fox farms, body and bumper shops, and industrial uses where not more than 10 persons are employed. The next parcel to the north is zoned residential "B." The next parcel to the north is zoned "C–2." The next parcel to the north is zoned residential "B." The next parcel to the north is zoned "C–2." Altogether there are 10 parcels fronting on Alpine avenue, 4 are zoned "B" residential, 4 are zoned "C–2," 1 is zoned "C–3," and 1 is zoned Industrial 5. On 6 of the 10 parcels trailer parks are permitted. The parcels immediately to the north and south of plaintiffs' property are in zones permitting trailer parks.

At the time of the original adoption of the present zoning ordinance, on July 24, 1950, this entire section was zoned "B" residential, with the exception of the Campbell 2-acre parcel immediately to the north of plaintiffs' property which was zoned "C–3." Of the 5 parcels which have been rezoned, the rezoning of each one followed property lines. Property in Alpine township is automatically rezoned on petition of an owner when 75% of the property owners within 500 feet of the property sought to be rezoned consent to the rezoning.

The case was heard by Judge Verdier in the Kent county circuit court, and at the conclusion he rendered an opinion upholding the ordinance as to its constitutionality, and its power of licensing trailer parks. This opinion was dated and filed May 15, 1957. On December 12, 1957, plaintiffs having filed a petition for rehearing claiming that the court erred

in its decision of May 15, 1957, the court filed another opinion saying: "After a more careful review of the authorities cited in the opinion filed, the court is satisfied that the court did err in its decision." He pointed out that since the adoption of the zoning ordinance preferential treatment as to commercial zoning had been granted to 5 of the 9 parcels along Alpine avenue which had been restricted to residential "B" under the zoning ordinance. The court held that such rezoning is purely arbitrary, and determined not by public welfare but by the whim and caprice of the town board. Such indiscriminate rezoning as is here present violates the requirement for uniformity and is so infected by preferential treatment as to nullify the ordinance so that plaintiffs are no longer bound by its provisions. He authorized entry of a new decree granting the relief prayed for in the bill.

Appellants present only one question to this Court, that is: "Where a municipality, after the adoption of a zoning ordinance, permits one retail food store, one restaurant, and one retail bait business in an area 15,931.7 feet long containing 69 dwelling houses, shall the municipality be compelled to permit additional commercial uses in the areas zoned 'residential'?"

Appellees raise 4 questions:

(1) In view of State licensing, inspection and regulation of trailer parks, may a township, by virtue of a licensing provision contained in its zoning ordinance, exclude trailer parks from the township?

(2) Where in a 5-year period the zoning fronting on Alpine avenue, the entire area of which had been previously zoned "B" residential, except for a small 2-acre parcel zoned "C–3," was changed so that the majority of property owners had obtained rezoning, thereby permitting 6 of 10 property owners to use their property for trailer park purposes, but deny-

ing plaintiffs such use, is this result discriminatory and destructive of any plan designed to promote the public health, safety, morals and welfare?

(3) Where plaintiffs' property is bounded on the north by property zoned "C–3" and "C–2" and on the south by property zoned "C–2," while plaintiffs' property is restricted to residential "B" purposes, do the more stringent restrictions on plaintiffs' property than on their neighbors' promote the public health, safety, morals and general welfare sufficiently so as to justify such restricted zoning of plaintiffs' property?

(4) Where the evidence establishes that a 30-acre parcel, because of its particular location and physical characteristics, cannot reasonably be used for residential purposes, do zoning restrictions restricting it to residential uses constitute a taking of property without due process of law and, hence, render such zoning ordinance as applied to the parcel unconstitutional, invalid and unenforceable?

The authorities cited for appellants' position with reference to spot rezoning, which hold that permitting some persons to violate a zoning regulation does not preclude enforcement against others, are all ordinances where there are isolated or at least a few cases of spot zoning, and, therefore, are not applicable to the facts in the instant case. Appellants content themselves, in lieu of a legal argument, with the threat that in the event the circuit court is upheld chaos will result and will bring unlimited amounts of confusion and litigation. We cannot recognize such an argument.

The zoning ordinance of Alpine township, by virtue of a rezoning provision contained therein, purports to give the board of appeals power to exclude trailer parks from the township. Such a provision in a township or municipal ordinance which is in conflict with the trailer coach park act (CL 1948 and

CLS 1954, § 125.751 et seq. [Stat Ann 1955 Cum Supp § 5.278(1) et seq.]) is invalid. *National Amusement Co.* v. *Johnson,* 270 Mich 613; *Richards* v. *City of Pontiac,* 305 Mich 666; *Gust* v. *Township of Canton,* 337 Mich 137.

The township rural zoning act, being CL 1948 and CLS 1954, § 125.271 et seq. (Stat Ann 1958 Rev § 5.2963[1] et seq.), requires in section 3 as follows:

"The provisions of the zoning ordinance shall be based upon a plan designed to promote the public health, safety, morals and general welfare." (CL 1948, § 125.273 [Stat Ann 1958 Rev § 5.2963(3)].)

The granting of rezoning petitions until every alternate parcel of property is now zoned as commercial demonstrates very clearly that the original uniform plan for the development of this section, which may once have existed, is destroyed. The complexion of the area having so changed as to destroy the plan, it can no longer be said that to restrict plaintiffs' property to residential uses is designed to promote the public health, safety, morals and general welfare as is required by the township rural zoning act.

We note that this is an unusual case and is distinguishable from the ordinary spot-zoning case in that the unusually large number of permissions to rezone has destroyed the plan, and to grant rezoning to one and to deny it to another amounts to rank discrimination. We think the trial court was correct in so holding. We think to qualify this property for "B" residential purposes, in view of the changes previously made, would work too great a hardship on the plaintiffs and would serve no useful purpose for the general welfare of the community. *Pere Marquette R. Co.* v. *Muskegon Township Board,* 298 Mich 31; *Janesick* v. *City of Detroit,* 337 Mich 549.

In view of the uses permitted neighbors to the north and to the south, and the complete destruction of the zoning plan for the area, we think the court was correct in holding the ordinance nullified so that plaintiffs are no longer bound by its provisions.

The decree of the lower court will be affirmed. Costs of this Court in favor of plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.