### JUNE *v*. CITY OF LINCOLN PARK.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—TRAILER PARKS.
    The fact that areas in city in which trailer parks are permitted are already being used for other purposes does not serve to render zoning ordinance a ban on trailer parks altogether.

2. SAME—ZONING ORDINANCE—RESIDENCE—TRAILER PARKS—BURDEN OF PROOF.
    Plaintiff owners of 10-acre triangular tract of property within defendant city *held,* under evidence adduced, to have failed to sustain their burden of establishing that city's zoning ordinance was invalid as applied to such property by restricting it to residence use in which trailer parks are not permitted, where one side abuts a residential area, another is separated from a residential area by a railroad, and third side abuts area devoted to industrial purposes.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted June 10, 1960. (Docket No. 14, Calendar No. 48,357.) Decided September 15, 1960.

Bill by Jowon M. June, Louis J. Geiermann, and Myrtle J. Geiermann against the City of Lincoln Park, its mayor and councilmen, to declare zoning ordinance void as to their property. Bill dismissed. Plaintiffs appeal. Affirmed.

*Bunin & Grandon (Samuel F. Grandon,* of counsel), *Arthur M. Hoffeins,* and *Harry F. Vellmure,* for plaintiffs.

*James D. Mueller,* City Attorney, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning § 142.

DETHMERS, C. J. Plaintiffs Geiermann, as title holders, and plaintiff June, as contract purchaser from them, own a 10-acre parcel of land in defendant city. It consists largely of a triangular piece which is zoned residential B. In addition, there is a narrow, necklike strip which extends from one corner of the triangle, fronting for 175 feet on a busy highway, and this is zoned industrial A. The city zoning ordinance does not allow trailer parks in areas so zoned, but limits them to business B districts. Desiring to make it a trailer park, plaintiff June made application for a building permit for that purpose. Permit was denied. Plaintiffs then brought this suit for decree permitting such use of the premises. From decree for defendants, the plaintiffs appeal.

Plaintiffs say the zoning ordinance is invalid as it applies to trailer parks because it attempts to ban them from the city, citing *Gust* v. *Township of Canton*, 342 Mich 436. *Gust* does not hold that there are no circumstances under which such ban would be valid. Here, plaintiffs base their claim of the existence of such ban on the argument that trailer parks are permitted by the ordinance only in districts zoned "business B," on parcels containing at least 1 acre in area, and that there are no such properties in the city not already being used for other purposes. The fact of such existing uses for other purposes does not, of itself, serve to render the zoning ordinance a ban on trailer parks altogether and, hence, as plaintiffs urge, invalid under our holding in *Gust*. Distinguishing this case from *Gust* and from others cited by plaintiffs, such as *Smith* v. *Plymouth Township Building Inspector*, 346 Mich 57; *Clark* v. *Lyon Township Clerk*, 348 Mich 173; *Kremers* v. *Alpine Township*, 355 Mich 563, is the fact that involved in those cases was open, undeveloped, or agriculture land and country, without

near residential, business, or industrial areas and, also, in *Kremers,* spot zoning. Such is not the fact here. Plaintiffs' property is within a city, with adjacent residential and industrial areas. The case does not, then, involve, as in *Gust,* merely a question of prospective, but, rather, of the present relationship of the zoning provisions to public health, safety, morals, or the general welfare.

Plaintiffs also urge that the ordinance is unreasonable and invalid as applied to their property. They stress that the neck-shaped strip, which is zoned industrial A, fronts on a busy U. S. highway, and that the triangular portion has as a boundary on one side a railroad right-of-way, an industrial A district on another side containing a cement mixing plant, and on the third side an alley with a row of houses backing toward it. Witnesses for plaintiffs testified that the property was not suited for or that it would have a lesser value for residence purposes than as a trailer park. Presented, thus, are some of the factors involved in cases in which we have held zoning for residential purposes unreasonable, as in *Janesick* v. *City of Detroit,* 337 Mich 549, *Industrial Land Co.* v. *City of Birmingham,* 346 Mich 667, *McGivern* v. *Huntington Woods,* 343 Mich 413, and *Pere Marquette R. Co.* v. *Muskegon Township Board,* 298 Mich 31.

Defendants point out, however, that a residential area was developed immediately across the railroad right-of-way, that across the alley the area is all residential, that the premises in question is part of a larger subdivision, all once owned by plaintiffs Geiermann, all of the rest of which they sold for residence use, and that the present zoning for residence B has been in effect since defendant city's first zoning ordinance was adopted in 1940. Expert witnesses, and others appearing for defendants, testified that the premises was well suited for residence

purposes, that government-insured financing for that purpose on that location was obtainable, that residences could economically be constructed on the premises and sold at a profit, that the best land use for the property would be residential, and that its best use is as presently zoned, residential B. It also developed that on July 28, 1958, five months before commencement of this suit, plaintiff Louis Geiermann had appeared before defendant city council to protest against a new zoning ordinance which would have zoned the property "industrial A," saying that that would "bar its better use as residential."

In the face of such conflict on the record, the trial court concluded that it could not be said that the testimony for plaintiffs outweighed that of witnesses called by defendants. He found, in accord with the testimony of the latter, that the property was suitable for residential use and that so zoning it was reasonable. We cannot say that had we been in his position we would have found otherwise on the proofs. On such finding of facts, it must be held that plaintiffs did not sustain the burden of establishing the invalidity of the ordinance as applied to their property.

Affirmed, with costs to defendants.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.