### ROTTMAN *v.* TOWNSHIP OF WATERFORD.

1. APPEAL AND ERROR—EVIDENCE—PRESERVING QUESTION.
   An appellate court will not pass on the merits of an objection to the admission of certain evidence when no objection of the same nature was made at the trial.

2. ZONING—PUBLIC WELFARE—TRAILER PARKS.
   The amount of land and the particular areas in a municipal unit which may be used for trailer parks may be limited by a reasonable zoning ordinance which bears a substantial relationship to the public health and safety.

3. SAME—TRAILER PARKS—ORDINANCE—REASONABLENESS.
   Failure to zone any vacant land for use as a trailer park does not in itself render a zoning ordinance invalid.

4. SAME—ORDINANCE—VALIDITY—BURDEN OF PERSUASION.
   The party attacking a zoning ordinance has the burden of establishing its invalidity.

5. SAME—ORDINANCE—VALIDITY—BURDEN OF PERSUASION.
   Plaintiffs' attack on the validity of a zoning ordinance *held,* on record presented, not to have met the burden of proving that the ordinance was not reasonably related to the public health and safety.

6. SAME—PATTERN—FUTURE DEVELOPMENT.
   A local unit of government in establishing a zoning pattern may take into account the probable future development of the community if this is done in reasonable relationship to presently existing conditions.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2, 3] 58 Am Jur, Zoning § 63.
[4] 58 Am Jur, Zoning §§ 223, 256.
[5, 7] 58 Am Jur, Zoning §§ 258, 259.
[6] 58 Am Jur, Zoning §§ 25, 27.
[8] 58 Am Jur, Zoning §§ 235, 239.

7. Same—Reasonableness—Appeal and Error—Findings of Fact.

The Court of Appeals independently reviews the facts in zoning cases, but it gives much credence to the findings of the trier of fact.

8. Same—Petition for Mandamus—Burden of Persuasion.

A person seeking to compel municipal authorities by mandamus to grant a permit for a particular use of land must show that he has a clear legal right to engage in that use before a writ of mandamus will be granted.

Appeal from Oakland, Ziem (Frederick C.), J. Submitted Division 2 June 7, 1967, at Lansing. (Docket No. 2,107.) Decided September 24, 1968.

Complaint by Albert Rottman and Sybil Rottman, his wife, against the Township of Waterford and Richard Lawson, its building inspector, for a writ of mandamus to compel defendants to issue a building permit. Virgil Allen and 10 others intervened as parties defendant. Emma Krenz was added as a party defendant but made no contest. Writ denied. Plaintiffs appeal. Affirmed.

*Dale D. Libby*, for plaintiffs.

*Paul M. Mandel*, for defendants.

*Richard L. Murphy*, for intervening defendants.

Quinn, J. Plaintiffs filed complaint for a writ of mandamus to compel defendants to issue a building permit in relation to the establishment of a trailer coach park on land in section 20 of said township. Defendants answered and pleaded as an affirmative defense that the zoning designation applicable to the land involved is a reasonable exercise of the police power and is constitutional. (Such designation was the basis for the denial of the build-

ing permit.)   At the conclusion of trial and after viewing the premises, the trial judge denied the writ and plaintiffs appeal.

The township adopted a zoning ordinance, designated as Waterford Township Zoning Ordinance,[1] effective in 1963, under which the land now owned by plaintiffs was zoned R–1A (single family residence).   Plaintiffs purchased this land on land contract February 3, 1965, knowing it was zoned single family residential.   Until shortly before trial of the present action, Albert Rottman had owned a trailer coach park elsewhere in the township.   This park existed as a nonconforming use, and when Rottman could not obtain rezoning for it in order to enlarge it, he began looking for a new location and located the land here involved.

Plaintiffs made application to rezone the land from R–1A to R–4 (trailer coach park) prior to purchasing it, but it was some time after date of purchase when this application was denied.   Thereafter and on August 4, 1965, plaintiffs filed application with defendant Lawson for a permit to construct an office and laundry building on the land for use in a trailer coach park.   This application was denied the same day with a notation "wrong zone for this use", and the present action followed.

The first question raised on appeal is:

"May a judicial determination as to the reasonableness of a zoning ordinance be based, in part, on the opinion of a planning consultant who aided the township in the preparation and adoption of such ordinance?"

It arises from the fact that one Brandon M. Rogers, who testified as to the reasonableness of the ordinance, is the planning consultant who aided the

---

[1] Sec 1, 1.01 of said ordinance.

township in drafting the ordinance. Plaintiffs contend his testimony as to reasonableness is so patently prejudicial as to be inadmissible. We decline to pass on the merits of this contention for the reason no such objection was made to this testimony below. The only objection by plaintiffs at trial to the requested testimony of Rogers as to reasonableness was that it called for a conclusion. On such a record, the question is not before us. *Pfeiffer* v. *Haines* (1948), 320 Mich 263.

Plaintiffs contend that the zoning ordinance amounts to a prohibition upon the use of land within the township for a trailer park and is therefore unlawful as an attempt to ban a legitimate business. They further contend that this vice in the ordinance is not overcome by provisions for rezoning so that land presently zoned for other purposes might be zoned in the future for trailer park use.

While it is true that there is no vacant land presently zoned for trailer park use, we are not confronted with a situation in which, by means of zoning, there has been a total prohibition on the use of land for trailer parks within the township. There is presently land in the township which is zoned for trailer park use on the zoning district map and which is actually being used as a trailer park.

The amount of land within a municipal unit, and the particular areas therein, which may be used for trailer parks, may be limited by a reasonable zoning ordinance which bears a substantial relationship to the public health, safety, morals or general welfare. *June* v. *City of Lincoln Park* (1960), 361 Mich 95. In the *June* case the Supreme Court held that the zoning ordinance was not rendered invalid as a total prohibition on trailer parks by reason of the fact that all areas zoned for trailer parks were already being used for other purposes. The Court

held, further, that the plaintiffs had failed to sustain the burden of proving that the limitation of their land to residential use was arbitrary or unreasonable. Moreover, the Court, inferentially, found that the allocation of land which the zoning ordinance made for trailer park use was reasonable despite the failure to zone any vacant land for such use.[2]

The party attacking the zoning ordinance has the burden of establishing its invalidity. *Paka Corporation* v. *City of Jackson* (1961), 364 Mich 122. The ordinance presently allocates certain land to trailer park use. Potentially there may be additional lands so allocated through rezoning. We cannot say on the record before us that the ordinance's actual and potential allocation of land to trailer park use is arbitrary, capricious or otherwise unreasonable. The plaintiffs attack the ordinance itself and they have not met the burden of proving that the ordinance's limitation on the use of land for trailer parks is not reasonably related to the public health, safety, morals and general welfare.

The next question raised by plaintiffs is:

"May a township zoning ordinance be based upon future growth as anticipated by township officials and consultants?"

If the facts before us supported a finding that the only basis for the R–1A classification of plaintiffs' land was future growth of the area as anticipated by township officials, *Gust, supra,* would require a negative answer. The facts indicate plaintiffs' property is in a rural residential area with considerable residential development and we believe the holding

---

[2] In the same vein are *Gust* v. *Township of Canton* (1955), 342 Mich 436; *Smith* v. *Plymouth Township Building Inspector* (1956), 346 Mich 57; *West Bloomfield Township* v. *Chapman* (1958), 351 Mich 606.

in *Bzovi* v. *City of Livonia* (1957), 350 Mich 489, is controlling. That holding was that a city may take into account the probable future development of the community in establishing a zoning pattern where this is done in reasonable relationship to presently existing conditions.[3]

Finally, plaintiffs contend the R–1A classification is unreasonable under surrounding circumstances and is an invasion of their property rights as guaranteed by US Const, Am 14, and Const 1963, art 1, § 17. After hearing the testimony and viewing the area, the trial court found from the location and character of plaintiffs' property and the character of surrounding property that the classification was reasonable. In addition to the weight we give such a finding (*Hudson* v. *Buena Vista Township* [1967], 6 Mich App 625), there is adequate factual support for it on independent review of the record by this Court.

We note that this is a mandamus proceeding to compel the township to issue a permit for the use of particular land belonging to plaintiffs as a trailer park. To prevail, plaintiffs must show that they have a clear legal right to establish a trailer park on the land in question. It is not enough to show that the township has been miserly in the allocation of land to trailer park use. The plaintiffs must show a clear legal duty on the part of the defendant township to issue a permit for a trailer park on the land in question. *Double I Development Company* v. *Township of Taylor* (1964), 372 Mich 264. To establish such a duty, the plaintiffs would have to show that zoning, which precludes a trailer park on the land in question, is arbitrary and unreasonable. They have not done so. We so hold in view

---

3 See also *June* v. *City of Lincoln Park* (1960), 361 Mich 95.

of the present high grade residential use and development of adjacent and nearby lands.

Affirmed with costs to defendants.

LESINSKI, C. J., and BAUM, J., concurred.