BUONO *v.* MAYFIELD TOWNSHIP

1. ZONING—BUILDING PERMIT—MANDAMUS—BURDEN OF PROOF.
   Plaintiffs in order to be entitled to a writ of mandamus compelling the issuance of a building permit for the construction of a service building to be used in conjunction with a proposed trailer park where the township's zoning ordinance did not permit trailer parks in the area in which the plaintiffs' land was located, had the burden of establishing that they had clear legal right to establish a trailer park and that the township had a clear legal duty to issue a permit.

2. ZONING—BUILDING PERMIT—MANDAMUS—BURDEN OF PROOF.
   Plaintiffs in order to be entitled to a writ of mandamus compelling the issuance of a building permit for the construction of a service building to be used in conjunction with a proposed trailer park where the township's zoning ordinance did not permit trailer parks in the area in which the plaintiffs' land was located had the burden of proving the invalidity of the zoning ordinance on the grounds that it was not adopted according to a basic plan or that the ordinance was arbitrary and unreasonable as applied to the plaintiffs' land because the ordinance bore no real and substantial relationship to the public health, safety, morals or general welfare or that the ordinance deprived the plaintiffs of property without due process of law.

Appeal from Lapeer, Norman A. Baguley, J. Submitted Division 2 January 6, 1971, at Lansing. (Docket No. 8607.) Decided January 27, 1971. Leave to appeal denied April 16, 1971, 384 Mich 830.

Complaint for mandamus by Joseph and Theresa E. Buono against Mayfield Township and Neil

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning § 235.

Thompson, Township Building Inspector, to compel the issuance of a building permit. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Dale D. Libby,* for plaintiffs.

*Taylor, Carter & Butterfield,* for defendants.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Plaintiffs sought a writ of mandamus against defendants to compel the issuance of a building permit for the construction of a service building to be used in conjunction with a proposed trailer park. Defendant building inspector had denied the requested permit because plaintiffs' land was not zoned in a classification under which the township zoning ordinance permitted trailer parks. Alleging the invalidity of the zoning ordinance, plaintiffs filed this action.

At the close of plaintiffs' proofs in a nonjury trial, defendants moved to dismiss. The trial court took the motion under advisement and defendants put in their proofs. Briefs were filed and the trial court's written opinion held that defendants' motion to dismiss should have been granted. Judgment entered in favor of defendants and, on grant of their application for delayed appeal, plaintiffs appeal.

November 4, 1966, plaintiff entered into a land contract for the purchase of the land in question with the intention of developing a trailer park thereon. Thereafter plaintiffs learned that the land contract vendors had no title to the land, and the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

contract was rescinded. December 9, 1968, they took title by deed from the owner. Plaintiffs knew prior to purchase that the land was zoned agricultural residential and that trailer parks were not permitted in this zoning classification. March 5, 1969, plaintiffs applied for the building permit.

The trial court properly held that to be entitled to the writ, plaintiffs bore the burden of establishing that they had a clear legal right to establish a trailer park and that defendants had a clear legal duty to issue the requested permit. *Rottman* v. *Township of Waterford* (1968), 13 Mich App 271.

In order to establish these factors on the issues framed, plaintiffs bore the burden of proving the invalidity of the ordinance because it was not adopted according to a basic plan as required by MCLA § 125.273 (Stat Ann 1969 Rev § 5.2963[3]) ; or that as applied to plaintiffs' land, the zoning ordinance was arbitrary and unreasonable because it bore no real and substantial relationship to public health, safety, morals, or general welfare, or because it deprived plaintiffs of property without due process of law.

On the basis of detailed findings of facts amply supported by the record, the trial court correctly concluded that plaintiffs had not met the burden that was theirs.

Affirmed with costs to defendants.