## MIDLAND TOWNSHIP v RAPANOS

1. ZONING—ORDINANCE—PREFERRED USE—BILLBOARDS.

The erection of billboards is not such a preferred or protected use that an ordinance prohibiting them is residentially zoned areas is presumed invalid.

2. ZONING—BILLBOARD ORDINANCE—PROHIBITION—RESIDENTIAL AREA —REASONABLENESS.

The present use to which land is being put is irrelevant in determining whether an ordinance is reasonable unless it can be shown that the land is unsuited for the purposes for which it is zoned.

3. ZONING—BILLBOARD ORDINANCE—VALIDITY—PRESUMPTION—EVIDENCE.

Evidence that the residentially zoned property on which defendant had erected billboards advertising his motel was as yet undeveloped and that no complaints had been made about them, was not sufficient to overcome the presumption that plaintiff township's ordinance prohibiting the erection of billboards on residentially zoned property was valid.

Appeal from Midland, James R. Rood, J. Submitted Division 3 March 9, 1972, at Grand Rapids. (Docket No. 11363.) Decided May 25, 1972.

Complaint by Midland Township against John Rapanos for an injunction requiring removal of defendant's billboards. Injunction granted. Defendant appeals. Affirmed.

*Sinclair, Edwards & Clulo,* for plaintiff.

*Edward G. Durance,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Zoning § 74.

Billboards and other outdoor advertising signs as civil nuisance, 38 ALR3d 647.

Before: T. M. Burns, P. J., and Fitzgerald and Danhof, JJ.

Danhof, J. Defendant owns a piece of property abutting I-75 in Midland Township. In March of 1968 he erected two billboards advertising a motel owned by him but located on other property. The property containing the billboards is zoned Residential "A" which forbids the erection of such billboards.

In March, 1969 defendant wished to light these billboards, but was told by the township that it would not issue a permit. Defendant then appealed to the Zoning Board of Appeals but the application was denied because of the zoning.

The township then brought an action alleging that the signs violated the zoning ordinance and asked for a mandatory injunction requiring their removal. Defendant alleged that the zoning ordinance was invalid because it forbid the erection of billboards anywhere in the township and that the ordinance was unreasonable as applied to his property. The trial court granted the injunction and the defendant appeals.

Defendant first contends that since the ordinance prohibits billboards throughout Midland Township it is void. Plaintiff argues that billboards are allowed in the zones designated as industrial.

Defendant alleges that because the erection of billboards is a valid, lawful occupation it cannot be prohibited. Plaintiff on the other hand argues that the ordinance is presumed valid and the burden is on the defendant to show the lack of any relationship between the restriction and public health, safety and general welfare.

Recently in *Bristow v City of Woodhaven,* 35 Mich App 205 (1971), this Court *(per* J. H. Gillis,

J.) rendered a comprehensive and definitive opinion regarding certain preferred or protected uses of land which if totally prohibited cast upon the zoning body the burden of going forward to justify its prohibition of such a use. In *Bristow,* p 210 the Court said:

"Certain uses of land have come to be recognized as bearing a real, substantial, and beneficial relationship to the public health, safety, and welfare so as to be afforded a *preferred or favored status."* (Emphasis added.)

On p 211 the Court further stated:

"Therefore, *in such limited situations,* the proponent of a preferred or protected but prohibited use may establish a *prima facie* case thereby casting upon the municipality the burden of going forward to justify its prohibition of a *use heretofore recognized as beneficial to the public welfare."* (Emphasis added.)

On p 212 the Court further stated:

"A review of the cases indicates that certain uses have come to be recognized as advancing the general public interest; such recognition is found in our State Constitution, statutes, judicial precedents, or a combination of these factors."

We have not been directed to, nor can we find in the State Constitution, statutes, or judicial precedents of this State, where the erection of billboards has become such a preferred or protected use.

Consequently, the allegation that the ordinance is void because it prohibits the erection of billboards within the Township of Midland is without merit.

Hence we return to the language of *Brae Burn,*

*Inc v Bloomfield Hills,* 350 Mich 425, 432 (1957) where Justice SMITH writing for the majority stated that normally a zoning ordinance,

"comes to us clothed with every presumption of validity, *Hammond v B. H. Building Inspector,* 331 Mich 551 (1951), and it is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property."

The lower court in its opinion stated:

"No showing has been made which would sustain the burden of proof that the property is improperly zoned as residential."

We agree with the trial court. The only evidence presented in this record is that the property was as yet undeveloped and that there had been no complaints about the billboards. This testimony came solely from defendant owner and is hardly sufficient to overcome the presumption of validity. The other allegations that the billboards were necessary for his motel business, or that they benefited the motoring public, are of little value when it comes to the use of the land in question. The fact that the land is as yet vacant is not determinative of whether the zoning ordinance is unreasonable, or that the zoning bears no substantial relationship to the public health, morals, safety and general welfare. The present use to which the land is being put is irrelevant unless it can be shown that it is unsuited for the purposes for which it is zoned. This defendant has failed to do this.

It is our opinion that defendant has made no showing that the zoning ordinance is unreasonable and bears no relationship to the public health,

morals, safety and general welfare. *Biske v City of Troy,* 6 Mich App 546 (1967). The defendant did not sustain his burden of proof.

Affirmed, no costs, a public question.

All concurred.