DINGEMAN ADVERTISING, INC v TOWNSHIP OF SAGINAW

Docket No. 78-2174. Submitted February 14, 1979, at Lansing.—Decided October 2, 1979. Leave to appeal applied for.

Plaintiff, Dingeman Advertising, Inc., requested permission from Saginaw Township, an unchartered Michigan township with a population of less than 50,000, for permission to build outdoor advertising billboards. The township has an ordinance prohibiting off-premises outdoor advertising billboards. The plaintiff's request was denied in spite of the fact that the plaintiff had been granted permits by the state to erect billboards in Saginaw Township. Following the denial, the plaintiff brought an action in Saginaw Circuit Court against the Township of Saginaw and Walter Loth, Zoning Administrator for the Township of Saginaw, seeking to have the ordinance declared invalid and to compel the issuance of construction permits.

The trial court, Gary R. MacDonald, J., held that the zoning ordinance relied upon by the defendants was preempted by the Highway Advertising Act, which occupies the whole field of regulation and controls signs and sign structures in townships having a population of less than 50,000. The trial court ordered the defendants to issue the required permits. The defendants appeal. The main issue on appeal is whether the township rural zoning act and the Highway Advertising Act are to be read *in pari materia* or whether the Highway Advertising Act preempts local ordinances passed in compliance with the township rural zoning act. *Held:*

Both enactments are directed toward orderly development of land use, however, the Highway Advertising Act is specifically concerned with billboard advertising as it relates to land use. Where two statutes are in conflict, the more specific will prevail. Thus, the Highway Advertising Act preempts the local zoning ordinances to the extent that they are in conflict. The

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 187, 188.

[2] 73 Am Jur 2d, Statutes § 189.

[3] 73 Am Jur 2d, Statutes § 253.

[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 374.

contested zoning ordinance is not permissible under any of the exceptions to the exclusive control of highway advertising under the Highway Advertising Act.

Affirmed.

1. STATUTES — IN PARI MATERIA.

Statutes *in pari materia* are those which relate to the same person or thing, or the same class of persons or things, or which have a common purpose.

2. STATUTES — SPECIFIC PROVISIONS — GENERAL PROVISIONS — IN PARI MATERIA.

Specific statutory provisions control over more general statutory provisions; therefore, if the implementation of a more specific statute requires that activities under a more general statute be constrained, the doctrine of *in pari materia* may not be applied to hinder the implementation of the more specific statute.

3. ZONING — STATUTES — HIGHWAY ADVERTISING ACT — TOWNSHIP RURAL ZONING ACT — STATUTORY CONSTRUCTION.

The Highway Advertising Act and the township rural zoning act should be construed to complement each other to the extent that the acts share the purpose of regulating land use; however, where the two acts conflict, the more specific provision, the Highway Advertising Act, will prevail (MCL 125.271 *et seq.,* 252.301 *et seq.;* MSA 5.2963[1] *et seq.,* 9.391[101] *et seq.).*

4. MUNICIPAL CORPORATIONS — PREEMPTION — REGULATION.

Municipal regulation of an area of governmental control is preempted where the state undertakes to assume exclusive regulation of that area.

*Bodman, Longley & Dahling* (by *Joseph N. Brown* and *David W. Hipp),* for plaintiff.

*Crane, Kessel & Crane,* for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and MACKENZIE, JJ.

PER CURIAM. Defendant Saginaw Township is an unchartered Michigan township with a population of less than 50,000. A Saginaw Township zoning ordinance prohibits off-premises outdoor advertis-

ing billboards and, pursuant to that ordinance, a request by the plaintiff for construction permits to build such billboards was denied. This denial was made in spite of the fact that the plaintiff had been granted Michigan state permits, issued by the Department of State Highways of Michigan, to erect billboards in Saginaw Township. The proposed locations for the billboards are in districts zoned for business uses.

Following the denial, the plaintiff began this suit to ask that the prohibitive zoning ordinance be declared invalid and to compel the issuance of construction permits.

The trial court, after hearing arguments, held that the zoning ordinance relied on by the defendants was preempted by the Highway Advertising Act, MCL 252.301 *et seq.;* MSA 9.391(101) *et seq.,* which occupies the whole field of regulation and controls signs and sign structures in townships having a population of less than 50,000. The trial court ordered the defendants to issue the required permits and the defendants bring the instant appeal as of right. Three issues are raised in this appeal. One is determinative and merits extended discussion.

Our resolution of this appeal involves consideration of two statutes, the township rural zoning act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* and the Highway Advertising Act, MCL 252.301 *et seq.;* MSA 9.391(101) *et seq.* The defendants argue that the two statutes share a common purpose and are to be read *in pari materia* so as to fulfill that common purpose. The plaintiff argues that the second statute acts to preempt local ordinances passed under authority of the first and that, for purposes of this suit, the second is to control. An examination of the two enactments and applica-

tion of canons of statutory construction persuades us that the plaintiff's position enjoys stronger legal support.

The stated purpose of the township rural zoning act (TRZA) is as follows:

"The provisions of the zoning ordinance shall be based upon a plan designed to promote the public health, safety, morals and general welfare, to encourage the use of lands in accordance with their character and adaptability and to limit the improper use of land, to avoid the overcrowding of population, to provide adequate light and air, to lessen congestion on the public roads and streets, to reduce hazards to life and property, to facilitate adequate provision for a system of transportation, sewage disposal, safe and adequate water supply, education, recreation and other public requirements, and to conserve the expenditure of funds for public improvements and services to conform with the most advantageous uses of land, resources and properties; and shall be made with reasonable consideration, among other things, to the character of each district, its peculiar suitability for particular uses, the conservation of property values and natural resources, and the general and appropriate trend and character of land, building and population development." MCL 125.273; MSA 5.2963(3).

In order to implement programs to attain the goals set forth, local governmental bodies are given the power to regulate or prohibit in a specified manner the type and method of development. MCL 125.271; MSA 5.2963(1). The power includes control over all "dwellings, buildings and structures" which would incorporate large scale signs. MCL 125.271; MSA 5.2963(1), *Midland Twp v Rapanos,* 41 Mich App 75; 199 NW2d 548 (1972).

On the other hand, the Highway Advertising Act (HAA) gives as its purpose:

"To improve and enhance scenic beauty consistent with the provision of section 131 of title 23 of the United States code, as amended, the legislature finds it appropriate to regulate and control outdoor advertising adjacent to the interstate highway, freeway and primary highway systems within this state and that outdoor advertising is a legitimate commercial use of private property, is an integral part of the marketing function and an established segment of the economy of this state." MCL 252.303; MSA 9.391(103).

The defendants' position that the statutes are *in pari materia* is not persuasive.

"Statutes *in pari materia* are those which relate to the same person or thing, or the same class of persons or things, or which have a common purpose. It is the rule that in construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although enacted at different times, and containing no reference one to the other." *Detroit v Michigan Bell Telephone Co,* 374 Mich 543, 558; 132 NW2d 660 (1965).

It is true that the statutes express common concerns in terms of general goals. However, significant differences are readily apparent. While both statutes are directed toward orderly development of land use, the HAA is specifically concerned with billboard advertising as it relates to land use. It is generally the case that specific statutory provisions control over more general statutory provisions. *Public Schools of City of Battle Creek v Kennedy,* 245 Mich 585; 223 NW 359 (1929). Therefore, if implementing the more specific requires that activities under the general enactment be constrained, the doctrine of *in pari materia* may not be applied to hinder the implementation of the more specific statute.

Thus, to the extent that the acts share the purpose of regulating land use, they should be construed to complement each other. However, where the two conflict, the more specific provision will prevail. This statement appears to be in accord with the intent of the Legislature as expressed in the HAA.

An examination of the HAA indicates that the Legislature intended this act to be the statement of the law in this area. The act expressly provides that it is intended to occupy the whole field of regulation and control concerning such signs.

"Sec. 4. This act regulates and controls the size, lighting and spacing of signs and sign structures in adjacent areas and occupies the whole field of such regulation and control". MCL 252.304; MSA 9.391(104).

The state's exclusive control is subject to three express exceptions:

"(a) Every city, village, charter township and township, such township having more than 50,000 population, may enact ordinances to regulate and control the size, lighting and spacing of signs and sign structures but such ordinances shall not make lawful a sign or sign structure which is otherwise unlawful under this act. Such a city, village, charter township or township shall certify to the state highway commission that it regulates and controls size, lighting and spacing of signs and sign structures and shall submit a copy of its ordinances and all subsequent amendments to the department. A sign owner shall apply for an annual permit pursuant to section 6 for each sign to be maintained or to be erected within such a city, village, charter township or township.

"(b) A city, village, charter township or township vested by law with authority to enact zoning codes has full authority under its own zoning code or ordinances to establish commercial or industrial areas and the actions of a city, village, charter township or township in so doing shall be accepted for the purposes of this act.

"(c) An ordinance or code existing on the effective date of this act, of a city, village, charter township or township, such township having more than 50,000 population, which ordinance or code prohibits signs or sign structures, shall not be made void by this act." MCL 252.304; MSA 9.391(104).

The contested ordinance is not permissible under any of the exceptions. The first and third provisos do not apply to the ordinance, as the parties have stipulated that Saginaw Township enjoys a population of less than 50,000. The second proviso is not relevant to this case, as the plaintiff is not challenging the authority of the township to establish commercial or industrial areas.

As the defendants do not fit within any of the express exceptions, it is clear that this regulation encroaching on the HAA is impermissible.

When the state undertakes to assume exclusive regulation, municipal regulation is preempted. *Noey v Saginaw,* 271 Mich 595; 261 NW 88 (1935). The express language utilized here indicates that the pervasive scheme of control in this area intended by the Legislature preempts local regulation. *People v Llewellyn,* 401 Mich 314; 257 NW2d 902 (1977).

The fear expressed by the defendants that the lack of local regulation will lead to chaos and ruin is without foundation. The HAA regulates every phase of the construction and maintenance of such signs and state permits must be obtained prior to construction. In addition, local regulation is precluded only as to signs in an adjacent area where the facing of the sign is visible from an interstate highway, freeway or primary highway. MCL 252.305; MSA 9.391(105).

For the reasons expressed above, we affirm the ruling of the trial court. No costs, a public question involved.