CENTRAL ADVERTISING COMPANY v ST JOSEPH TOWNSHIP

Docket No. 55403. Submitted December 10, 1982, at Grand Rapids.—
Decided May 5, 1983. Leave to appeal applied for.

Plaintiff, Central Advertising Company, initiated an action in the
Berrien Circuit Court for the purpose of having an off-premises
sign ordinance of the defendant, St. Joseph Township, declared
illegal under the Highway Advertising Act based upon state
pre-emption of local government regulation under the act. The
trial court, Chester J. Byrns, J., found defendant's ordinance
illegal as it prohibited the erection of any off-premises sign. The
trial court also found that the Highway Advertising Act did not
pre-empt defendant's ability to require minimum setback dis-
tances within adjacent areas. The trial court then remanded
the cause to the township for the purpose of adopting a new
sign ordinance dealing with off-premises signs. Plaintiff appeals.
Defendant cross-appeals alleging plaintiff lacks standing to
contest the denial of plaintiff's sign permit. *Held:*

1. State pre-emption under the Highway Advertising Act
extends only to the area of regulation, which is, size, lighting
and spacing of signs in adjacent areas. The act does not pre-
empt local governments from regulating areas unrelated to the
spacing, lighting and size of signs in adjacent areas.

2. Since there was no pre-emption of regulating intended for
setback requirements the trial court's remand was proper.
Since there was a void as to a specific ordinance dealing with
the regulation of off-premises signs following the trial court's

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5] 82 Am Jur 2d, Zoning and Planning §§ 41, 92, 93, 125.
Validity of regulations restricting size of freestanding advertising
signs. 56 ALR3d 1207.
Validity of front setback provisions in zoning ordinance or regula-
tion. 93 ALR2d 1223.
Municipal power as to billboards and outdoor advertising. 58
ALR2d 1314.
[2, 3] 82 Am Jur 2d, Zoning and Planning §§ 327, 361.
[3] 82 Am Jur 2d, Zoning and Planning § 16.
[4] 59 Am Jur 2d, Parties §§ 26-30.

declaration of the illegality of the challenged ordinance the remand procedure was proper.

3. The almost 90 days allowed to defendant by the trial court in which it was to come back to court with an amended ordinance was within the descretion of the trial court based upon equity and reasonableness.

4. The trial court correctly decided that, although the challenged ordinance was illegal, the plaintiff would have to comply with the general setback requirements and other aspects of the zoning ordinance before a permit would be issued to it. Since the invalid off-premises sign restrictions were exceptions to the general zoning regulations and were found to be severable, plaintiff had to meet those regulations until a new off-premises sign ordinance has been adopted. Therefore, plaintiff's claim that the trial court had to issue an injunction forcing defendant to issue to it a building permit for signs on the basis that defendant had no ordinance dealing with the regulation of off-premises signs is without merit.

5. The trial court's decision not to issue an injunction mandating that defendant issue the permit was not erroneous under the facts presented.

6. The plaintiff had standing to contest the denial of its sign permit since it had a sufficient interest in the outcome of the litigation to assure sincere and vigorous advocacy.

7. The trial court's decision as to the invalidity of the ordinance was proper. Although defendant has authority to regulate advertising signs, it did not have the power to prohibit them in totality.

Affirmed.

1. HIGHWAYS — HIGHWAY ADVERTISING ACT.

The Highway Advertising Act only pre-empts local governments from regulating areas related to the act's area of regulation, which is the spacing, lighting and size of signs in adjacent areas; the act does not pre-empt local governments from regulating setback requirements within adjacent areas (MCL 252.304; MSA 9.391[104]).

2. ZONING — TOWNSHIPS — ORDINANCES — CONSTITUTIONAL LAW — EQUITY.

The proper procedure to be followed, after a judicial declaration that a township's zoning ordinance is unconstitutional, is that enforcement of the disputed zoning ordinance will be enjoined and the matter remanded to the township zoning body to present, for the trial court's consideration within 60 days of the

judicial order declaring the unconstitutionality, an adopted amendatory ordinance comporting with the dictates of equity as well as the requirements of constitutional reasonableness as applied to the plaintiff's parcel; such 60-day time period may be extended at the trial court's discretion based upon equity and reasonableness.

3. APPEAL — INJUNCTIONS — TOWNSHIPS — SIGN ORDINANCES — ZONING.

A trial court did not err in denying a plaintiff's request for an injunction to force a defendant township to issue the plaintiff a building permit for the erection of an off-premises advertising sign where the trial court found the defendant's off-premises sign ordinance to be illegal and where the court found that the plaintiff, to have a permit issued to it, would have to comply with the general setback requirements and other aspects of the township's zoning ordinance that were found to be severable from the illegal sign restrictions.

4. PARTIES — STANDING.

A plaintiff sign company has standing to contest a defendant township's denial of a building permit for the erection of a sign on land leased from a third party wherein the lease provides that "this lease is subject to lessee obtaining state and local permits for construction", where the plaintiff has a sufficient interest in the outcome of the litigation to assure sincere and vigorous advocacy.

5. TOWNSHIPS — SIGN ORDINANCES — REGULATION OF ADVERTISING.

A township has authority to regulate advertising signs, however, it does not have the power to prohibit them in totality.

*Reid, Reid & Mackay, P.C.* (by *Michael H. Perry*), for plaintiff.

*Hartwig, Crow, Jones & Postelli* (by *John L. Crow*), for defendant.

Before: R. B. BURNS, P.J., and BEASLEY and M. B. BREIGHNER,* JJ.

R. B. BURNS, P.J. Plaintiff initiated the present action for the purpose of having defendant's sign

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ordinance declared illegal under the Highway Advertising Act, MCL 252.301 *et seq.;* MSA 9.391(101) *et seq.,* based upon state pre-emption of regulation. The trial court found defendant's off-premises sign ordinance illegal as it prohibited the erection of any off-premises sign. The trial court found that the Highway Advertising Act did not pre-empt defendant's ability to require minimum setback distances within adjacant areas. The trial court then remanded the cause to the township for the purpose of adopting a new sign ordinance dealing with off-premises signs. From this decision, plaintiff appeals and we affirm.

Plaintiff's first and main contention is that defendant has no power to regulate signs within adjacent areas to state trunk lines because of the pre-emption established by the Highway Advertising Act. The area of pre-emption was formerly described in MCL 252.304; MSA 9.391(104), to provide that:

"This act regulates and controls the size, lighting and spacing of signs and sign structures in adjacent areas and occupies the whole field of such regulation and control * * *."

The Legislature has recently amended this section by 1980 PA 36. This section now reads:

"This act regulates and controls the size, lighting, and spacing of signs and sign structures in adjacent areas and occupies the whole field of that regulation and control except for the following * * *."

Plaintiff bases its claim of pre-emption upon the language contained in *Dingeman Advertising, Inc v Saginaw Twp,* 92 Mich App 735; 285 NW2d 440 (1979). In that case, this Court said that "[t]he

HAA regulates every phase of the construction and maintenance of such signs and state permits must be obtained prior to construction. In addition, local regulation is precluded only as to signs in an adjacent area * * *." *Id.,* p 741. This Court found that the act was intended to occupy the entire field of regulation and control concerning signs within the adjacent area.

It is apparent from a close reading of the act, especially considering the amended act, that pre-emption extends only to the area of regulation, which is, size, lighting and spacing in adjacent areas. Additionally, *Dingeman Advertising* only dealt with a statute which totally prohibited off-premises advertising signs. This total prohibition was in violation of *Central Advertising Co v Ann Arbor,* 391 Mich 533; 218 NW2d 27 (1974), and certainly constituted impermissible regulation of the size, lighting and spacing of billboards. We hold that the Highway Advertising Act does not pre-empt local governments from regulating areas unrelated to the spacing, lighting and size of signs in adjacent areas.

Plaintiff's second claim is that the trial court erred in ordering a remand pursuant to *Ed Zaagman, Inc v Kentwood,* 406 Mich 137; 277 NW2d 475 (1979). Although the remand would have been improper had we found that the Highway Advertising Act pre-empted local governments from regulating advertising signs in adjacent areas at all, because we find there was no pre-emption of regulation intended for setback requirements, the remand was proper on this ground.

Plaintiff further claims that the remand was improper because there was no void in defendant's zoning ordinances. The trial court struck down

defendant's prohibitory off-premises sign ordinance but applied defendant's general zoning ordinance which imposed a setback requirement for all buildings and structures. However, there was a void as to a specific ordinance dealing with the regulation of off-premises signs. Therefore, because of this void, the remand procedure was proper.

Finally, plaintiff claims the trial court erred in extending the *Zaagman* requirement of 60 days to almost 90 days. We note that a *Zaagman* remand is to comply with the dictates of equity and the requirements of reasonableness. In *Zaagman,* the Court allowed only 60 days in which the defendant was to come back to court with an amended ordinance. This was based in part on the lengthy delay which had already occurred. In the instant case, defendant stated it would have been impossible to adopt the ordinance within the 60-day period because of the holiday season and other factors. Therefore, the time period involved, from December 12, 1980, to March 16, 1981, was within the discretion of the trial court based upon equity and reasonableness.

Additionally, plaintiff claims that the trial court erred in denying its request for an injunction against enforcement of defendant's ordinance and in denying its request for an injunction forcing defendant to issue it a building permit. Although the trial court found defendant's off-premises sign ordinance illegal, it did find that the plaintiff, to have a permit issued to it, would have to comply with the general setback requirements and other aspects of the zoning ordinance. We note that this decision was correct. The invalid off-premises sign restrictions were exceptions to the general zoning regulations and were found to be severable. Therefore, plaintiff had to meet those regulations until

a new off-premises sign ordinance had been adopted.

On this basis, plaintiff's claim that the trial court had to issue an injunction forcing defendant to issue to it a building permit for signs on the basis that defendant had no ordinance dealing with the regulation of off-premises signs is without merit.

Plaintiff additionally claims that the trial court should have granted an injunction forcing defendant to issue the permit based on a combination of factors. First, the court had invalidated defendant's off-premises sign ordinance. Second, plaintiff had filed an application for a permit. Third, defendant, approximately one week later, adopted a moratorium, which would last until they had adopted a new ordinance with respect to off-premises signs, against the issuance of permits. Fourth, defendant had not specifically rejected or approved any of the applications submitted by plaintiff. Fifth, defendant had an ordinance which stated that a permit had to be disapproved within 30 days, otherwise it would be deemed to have been approved.

We note that these actions occurred after the trial court had issued its opinion declaring the ordinance which prohibited off-premises signs to be illegal but before any order had been issued relating to the off-premises sign ordinance. It is elementary that a court acts through orders and not opinions. It should be further noted that defendant's failure during this time to issue the sign permit within 30 days after plaintiff had filed an application would ordinarily result in the application's being deemed approved based on defendant's ordinance. However, defendant's adoption of the moratorium would alleviate the problem. Although moratoria are not regarded favorably by the

courts, this moratorium was to last only until a new ordinance relating to off-premises signs was adopted and presented to the court. Moreover, based on the trial court's order, defendant was without authority to deny a permit which was in compliance with the general zoning ordinance. With these considerations in mind, we do not find that the trial court's decision not to issue an injunction mandating that defendant issue the permit was erroneous.

Defendant, in its cross-appeal, asserts that the trial court erred by finding that plaintiff had standing to contest the denial of plaintiff's permit. The claim is that because the lease involved contained the provision "this lease is subject to lessee obtaining state and local permits for construction", plaintiff is precluded from having an adequate property interest by which to establish this lawsuit. We find that plaintiff has a sufficient interest in the outcome of the litigation to assure sincere and vigorous advocacy. *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319; 266 NW2d 808 (1978).

Finally, defendant claims that the trial court erred in finding its off-premises sign ordinance unconstitutional under *Central Advertising Co v Ann Arbor, supra.* Defendant's claim that *Central Advertising Co v Ann Arbor* was not decided on constitutional grounds is correct; however, the trial court's decision as to the invalidity of this ordinance was proper. Although defendant has authority to regulate advertising signs, it does not have the power to prohibit them in totality. *Superior Twp v Reimel Sign Co,* 362 Mich 481; 107 NW2d 808 (1961); *Central Advertising Co v Ann Arbor, supra,* p 536.

Affirmed.