OSHTEMO CHARTER TOWNSHIP v CENTRAL ADVERTISING
COMPANY

Docket No. 55397. Submitted December 10, 1982, at Grand Rapids.—
Decided May 5, 1983.

The Charter Township of Oshtemo filed suit against Central
Advertising Company and Century Buick-Opel, Inc., in Kalama-
zoo Circuit Court alleging that a billboard, erected by Central
on Century Buick's property pursuant to a lease agreement,
was erected in violation of local zoning ordinances. Central
Advertising answered, claiming, *inter alia,* that local regulation
of outdoor signs was pre-empted by the Highway Advertising
Act. The trial court determined that Oshtemo Township's local
regulation and control of that portion of Central's billboard
which faced a state highway was pre-empted by the Highway
Advertising Act but that Oshtemo Township's regulation of the
reverse side of the billboard, which did not face a state high-
way, was appropriate, Charles H. Mullen, J. Oshtemo Township
appeals and Central Advertising cross-appeals. *Held:*

1. The trial court erred in determining that the Highway
Advertising Act pre-empted the township's authority to regu-
late the billboard. The act does not pre-empt the authority of
local governments to regulate areas unrelated to spacing, light-
ing, and size of signs in adjacent areas. Central Advertising
violated local ordinances that did not pertain to the spacing,
lighting, or size of the sign.

2. The sublease between Central Advertising and Century

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning §§ 125, 242.

Validity of regulations restricting size of free-standing advertising
signs. 56 ALR3d 1207.

Municipal power as to billboards and outdoor advertising. 58
ALR2d 1314.

[2] 82 Am Jur 2d, Zoning and Planning §§ 125, 164.

[3] 82 Am Jur 2d, Zoning and Planning §§ 77, 79.

[4, 6, 7] 82 Am Jur 2d, Zoning and Planning §§ 27-29, 103.

[5] 82 Am Jur 2d, Zoning and Planning § 25.

Buick-Opel does not violate the Subdivision Control Act of 1967.

3. Oshtemo Township's zoning ordinance does not violate the uniformity requirement of the Townsip Rural Zoning Act.

4. The zoning ordinance which prohibits Central's billboard does not violate Central's right to equal protection and due process of law.

Reversed and remanded.

1. ZONING — ADVERTISING — HIGHWAYS.

The Highway Advertising Act pre-empts local governments from regulating the size, lighting, and spacing of advertising signs facing state highways but does not pre-empt local regulation of conditions unrelated to spacing, lighting, and size of signs in areas adjacent to state highways and does not pre-empt local regulations regarding building site approvals and building permits (MCL 252.301 *et seq.;* MSA 9.391[101] *et seq.).*

2. PROPERTY — SUBLEASE — ADVERTISING — SUBDIVISION CONTROL ACT.

A sublease for space to install an outdoor advertising billboard does not involve a subdivision of land within the contemplation of the Subdivision Control Act of 1967 (MCL 560.101 *et seq.;* MSA 26.430[101] *et seq.).*

3. ZONING — UNIFORMITY OF ZONING PROVISIONS — TOWNSHIP RURAL ZONING ACT.

The Township Rural Zoning Act provides that zoning ordinance provisions must be uniform for each class of land, buildings, dwellings, and structures throughout the district, but may differ from those in other districts; however, there is a reasonableness exception to the uniformity requirement which permits reasonable restrictions based upon different conditions within a zone (MCL 125.271; MSA 5.2963[1]).

4. ZONING — CONSTITUTIONAL LAW.

For a zoning ordinance to be successfully challenged as unconstitutional a plaintiff must prove either that there is no reasonable governmental interest being advanced by the zoning classification itself or that the ordinance is unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question.

5. ZONING — PRESUMPTION OF VALIDITY.

A zoning ordinance comes to the courts clothed with every presumption of validity.

6. Zoning — Burden of Proof.

> The party attacking a zoning ordinance has the burden to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of property; it must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.

7. Zoning — Burden of Proof.

> To sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on the property preclude its use for any purpose to which it is reasonably adapted.

*Bauckham, Reed, Lang, Schaefer & Travis, P.C.* (by *Kenneth C. Sparks),* for plaintiff.

*Reid, Reid, Perry & Lasky, P.C.* (by *Michael H. Perry),* for defendants.

Before: R. B. Burns, P.J., and Beasley and M. B. Breighner,* JJ.

R. B. Burns, P.J. The Charter Township of Oshtemo filed suit on March 14, 1979, against Central Advertising Company and Century Buick-Opel, Inc. The subject of the lawsuit was a 12′ × 25′ billboard erected by Central Advertising on Century Buick's property pursuant to a June 28, 1979, lease agreement. Prior to construction of the billboard, Central Advertising had obtained a state permit from the Department of State Highways. The permit expressly did not relieve Central Advertising from meeting applicable laws, ordinances, and regulations of other public bodies. When construction of the billboard was completed on March 3, 1979, Oshtemo Township was an unchartered Michigan township with a population of less than 50,000. On March 6, 1979, Oshtemo

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Township became a chartered township. In its complaint, Oshtemo Township claimed that Central Advertising did not obtain local building permits or site plan approval as required by local zoning ordinances. Central Advertising answered, claiming, *inter alia,* that local regulation of outdoor signs was pre-empted by the Highway Advertising Act (HAA), MCL 252.301 *et seq.;* MSA 9.391(101) *et seq.* Prior to the November 18, 1982, trial the parties filed a lengthy stipulation of facts. In an opinion dated December 4, 1980, the trial court determined that the HAA totally pre-empted Oshtemo Township's local regulation and control of that portion of Central Advertising's billboard which faced north, thereby facing state highway M-43. The trial court further ruled that regulation of the south side of the billboard, which did not face a state highway, was appropriate. Accordingly, the south face of the billboard was ordered to be removed. An order consistent with the opinion was entered on December 15, 1980. In a supplemental judgment dated March 20, 1981, the trial court denied Oshtemo Township's post-trial motions and ruled that the south side of the sign could remain intact without any advertising on its face.

Oshtemo Township appeals and Central Advertising cross-appeals, raising five issues for the Court's consideration.

Oshtemo Township first claims that the trial court erred in determining that the HAA pre-empted Oshtemo's authority to regulate Central Advertising's billboard. We agree.

In *Central Advertising Co v St Joseph Twp,* 125 Mich App 548; 337 NW2d 15 (1983), this Court determined that the HAA, MCL 252.304; MSA 9.391(104), only extends pre-emption to the follow-

ing areas of regulation: size, lighting, and spacing in adjacent areas.

We agree that the HAA does not pre-empt local governments from regulating areas unrelated to spacing, lighting, and size of signs in adjacent areas. Because Central Advertising violated local ordinances that did not pertain to the statutory characteristics, Oshtemo Township is correct in claiming that the trial court misconstrued the pre-emption established by the statute. The local regulations regarding building site approvals and building permits are not pre-empted and the north face of Central Advertising's billboard was erected unlawfully.

Oshtemo Township next claims that the sublease between Central Advertising and Century Buick constituted a fifth division of land violative of the Subdivision Control Act of 1967, MCL 560.101 *et seq.;* MSA 26.430(101) *et seq.* We disagree.

The act prohibits the subdivision of land unless a plat is submitted, approved, and recorded, MCL 560.103(1); MSA 26.430(103)(1).

" 'Subdivide' or 'subdivision' means the partitioning or dividing of a parcel or tract of land by the proprietor thereof or by his heirs, executors, administrators, legal representatives, successors or assigns for the purpose of sale, or lease of more than one year, or of building development, where the act of division creates 5 or more parcels of land each of which is 10 acres or less in area; or 5 or more parcels of land each of which is 10 acres or less in area are created by successive divisions within a period of 10 years." MCL 560.102(d); MSA 26.430(102)(d).

" 'Parcel' or 'tract' means a continuous area or acreage of land which can be described as provided for in this act." MCL 560.102(e); MSA 26.430(102)(e).

Century Buick's sublease with Central Advertis-

ing for space to install an outdoor advertising billboard does not involve a "subdivision" of land within the contemplation of the Subdivision Control Act of 1967.

Central Advertising in its cross-appeal first claims that Oshtemo Township's zoning ordinance, which prohibits Central Advertising's billboard, violates the uniformity requirement of the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.*

The Township Rural Zoning Act provides that zoning ordinance provisions must be uniform for each class of land, buildings, dwellings, and structures throughout the district, but may differ from those in other districts. MCL 125.271; MSA 5.2963(1); see, generally, *Kremers v Alpine Twp,* 355 Mich 563; 94 NW2d 840 (1959), and *Penning v Owens,* 340 Mich 355; 65 NW2d 831 (1954).

The ordinance under scrutiny, § 21.5(f) of the Oshtemo Charter Township zoning ordinance, provides in relevant part:

"Signs and billboards may be located in an 'LD', 'D', 'D-1', 'E', and 'E-1' zoning classification and within an area 150 feet in width on either side of the right-of-way of U.S. Highway 131 and the north business route from said highway to the City of Kalamazoo zoned 'C' Local Business District classification or lower. In addition to the foregoing, signs but not billboards may be located in a 'C', 'C-1' or 'C-2' zoning classification."

The billboard was erected on land zoned "C" Local Business District. This is violative of § 21.5(f), as the billboard was not within 150 feet of US-131 or its north business route. Central Advertising contends that the inconsistency between treatment of billboard erection on "C" property near US-131 and on "C" property throughout the

rest of the township violates the uniformity requirement.

Oshtemo Township acknowledges the non-uniformity of its ordinance, arguing that the uniformity requirement is not absolute and that reasonable restrictions based upon different conditions within a zone are permissible.

Our research reveals no Michigan cases approving or rejecting Oshtemo Township's interpretation of the uniformity requirement. However, other jurisdictions have read an exception into their codification of the uniformity requirement, allowing classifications within a district as long as they are reasonable. See *Quinton v Edison Park Development Corp,* 59 NJ 571; 285 A2d 5 (1971), and *Desert Outdoor Advertising v San Bernardino County,* 255 Cal App 2d 765; 63 Cal Rptr 543 (1967).

In light of the above, we adopt a reasonableness exception to the uniformity requirement of MCL 125.271; MSA 5.2963(1). On its face, the ordinance allowing billboards only in those "C" areas within 150 feet of US-131 and its business route appears reasonable. Differentiation between allowing billboards along interstate highways and other commercial areas seems practicable, as the impact of competition between billboards and on-premises advertising is lessened and the driving patterns of a typical interstate motorist and motorists in other commercial areas is different. Accordingly, the differentiation is reasonably based on a distinction in conditions between "C" areas near the interstate and the "C" area in other places within the township. Thus, Oshtemo Township's zoning ordinance is not violative of the uniformity requirement of MCL 125.271; MSA 5.2963(1).

Finally, Central Advertising claims that Osh-

temo Township's zoning ordinance, which prohibits Central Advertising's billboard, violates Central Advertising's right to equal protection and due process of law.

In *Ed Zaagman, Inc v Kentwood,* 406 Mich 137, 153-154; 277 NW2d 475 (1979), the Supreme Court stated:

"The appropriate standard for determining the constitutional validity of municipal zoning determinations was succinctly set forth in *Kirk [v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976)] as follows:

" 'The principles and tests to use to determine whether the present zoning of plaintiffs' property is valid was detailed in *Kropf [v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974)].

" 'The important principles require that for an ordinance to be successfully challenged plaintiffs prove:

" ' "[F]irst, that there is no reasonable governmental interest being advanced by the present zoning classification itself * * * or

" ' "[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question." 391 Mich 139, 158.

" 'The four rules for applying these principles were also outlined in *Kropf.* They are:

" '1. "[T]he ordinance comes to us clothed with every presumption of validity." 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).

" '2. "[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property * * *. It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness." 391 Mich 139, 162, quoting *Brae Burn, Inc.*

" '3. "Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property

owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted." 391 Mich 139, 162-163.

" '4. "This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases." 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962).' 398 Mich 429, 439-440." See also *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981).

Central Advertising rests its charge of unconstitutionality on several grounds. First, Central Advertising asserts that its rights are denied because Oshtemo Township has excluded its off-premises advertising messages in "C" zones while allowing other commercial activities within the zones. This causes no due process violation as the ordinance is certainly a valid exercise of the municipality's power to regulate land use in the interest of the public safety and welfare. See, generally, *United Advertising Corp v Borough of Raritan,* 11 NJ 144; 93 A2d 362 (1952). There is no equal protection violation present in this assertion because Central Advertising's business and other businesses are too dissimilar and disparate to be considered identical noncomplying uses. See, generally, *Walker's Amusements, Inc v Lathrup Village,* 100 Mich App 36; 298 NW2d 878 (1980). Thus, Central Advertising was not treated differently than others similarly situated.

Central Advertising also contends that the ordinance unconstitutionally permits billboards in "C" areas near the interstate highway and in other zones.

Earlier in this opinion we discussed the reasonableness in allowing billboards only in "C" areas near the interstate highway and its business route.

As to Central Advertising's assertion that allowing billboards in areas zoned other than "C" causes constitutional infirmity, we note that Oshtemo Township is authorized to provide for different uses of land in different districts. MCL 125.271; MSA 5.2963(1). Users of property in different zoning districts are not similarly situated. Carried to its logical extreme, Central Advertising's argument would result in a township full of billboards.

Central Advertising also asserts that another billboard exists in another "C" district within Oshtemo Township. The other billboard is located on 11th Avenue. Although the commercial areas in which the 11th Avenue billboard and Central Advertising's billboard are located are quite similar, the 11th Avenue billboard is addressed to motorists on US-131. The 11th Avenue billboard is irrelevant to this case, as it falls within the control of the HAA, and Oshtemo Township is unable to prohibit its existence simply because it is a sign or sign structure. *Dingeman Advertising, Inc v Saginaw Twp,* 92 Mich App 735; 285 NW2d 440 (1979). Thus, it does not present a case of similarly situated entities suffering disparate treatment.

Reversed and remanded for further proceedings consistent with this opinion.