805 P.2d 409

**LIBRA GROUP, INC., an Arizona corporation, Plaintiff–Appellant,**

v.

**The STATE of Arizona and Charles L. Miller, in his capacity as the Director of the Arizona Department of Transportation, Defendants–Appellees,**

**and**

**Pima County, a body politic and corporate of the State of Arizona, Intervenor–Appellee.**

**No. 1 CA–CV 89–477.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 29, 1991.

Chandler, Tullar, Udall & Redhair by John W. McDonald, Tucson, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Peter C. Gulatto, Asst. Atty. Gen., Phoenix, for State of Ariz.

Stephen D. Neely, Pima County Atty., Civil Div. by Frank J. Cassidy, Deputy County Atty., Tucson, for Pima County.

## OPINION

EUBANK, Judge.

Libra Group, Inc., appeals from the trial court's grant of summary judgment in favor of the State of Arizona, the director of the Arizona Department of Transportation (ADOT) and Pima County. Because we hold that A.R.S. §§ 28–2101 through 28–2110 (Arizona Highway Beautification Act or Arizona act) recognizes the concurrent authority of state and local governments to regulate outdoor advertising signs along Arizona highways, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

According to the stipulated facts, Libra Group, Inc. (plaintiff) filed with ADOT approximately sixty-five applications to erect and maintain outdoor advertising signs on leased property located along interstate, primary, and secondary highways in Arizona. A number of the proposed advertising sign locations were within the incorpo-

rated municipalities of Chandler, Glendale, Mesa, Peoria, Phoenix, South Tucson and Tucson, Arizona, and in Pima County, Arizona. The municipalities and Pima County (local governments) have enacted comprehensive zoning ordinances or regulations controlling the size, lighting, and spacing of outdoor advertising in zoned commercial and industrial areas along highways. None of the local governments has filed a request with the director of ADOT to impose local control over outdoor advertising signs along the highways, nor has the director certified any of the local governments' zoning ordinances to the United States Secretary of Transportation, pursuant to A.R.S. § 28–2107.

The plaintiff filed a complaint, requesting the superior court to declare that it was entitled to construct and maintain signs at locations for which it had obtained state permits without complying with the local governments' zoning regulations, and to enjoin the state from conditioning the issuance of future permits on compliance with those regulations, because none of the local governments had complied with A.R.S. § 28–2107. The plaintiff later moved for summary judgment, arguing that it had the right to construct signs on the permitted sites, both as a matter of law and under a vested rights theory, and to declare that ADOT had no legal authority to revoke these permits or to condition the issuance of future permits on compliance with the local governments' ordinances and regulations.

ADOT and intervenor Pima County filed cross-motions for summary judgments, taking the position that under the Arizona act, a highway advertising sign must comply with both state and local law. The trial court denied the plaintiff's motion for summary judgment, and granted the motions for summary judgment filed by ADOT and Pima County. In the judgment, the trial court specifically found that the allegedly conflicting provisions of the Arizona Highway Beautification Act established "not the preemption of zoning regulations and ordinances by the state, but rather a dual system of zoning regulation with minimum

standards established by the state." The plaintiff timely appealed this judgment.

## II. BACKGROUND

Congress enacted the Highway Beautification Act of 1965 (the "federal act") to control outdoor advertising signs adjacent to highways. Pub.L. No. 89–285, 79 Stat. 1028 (1965) (codified at 23 U.S.C. § 131). To promote the control of advertising signs, the federal act provides that a state determined not to have provided "effective control" of specified advertising signs along the interstate and primary highway systems would be subject to having its share of federal-aid highway funds reduced by ten percent. 23 U.S.C. § 131(b). The federal act sets forth certain standards for "effective control," and provides that each state and the Secretary of Transportation may enter into an agreement for the erection and maintenance of certain signs adjacent to a highway within industrial or commercial areas. 23 U.S.C. § 131(d). Following enactment of the federal act, most states adopted statutes to provide "effective control" of advertising signs along federally-funded highways.[1]

In 1970, Arizona adopted statutes regulating outdoor advertising within 660 feet of the edge of the right-of-way along Arizona highways. Laws 1970, ch. 214, § 1 (codified at A.R.S. §§ 18–711 et seq., repealed by Laws 1973, ch. 146, § 85.)[2] In 1971, Arizona entered into an agreement with the United States concerning:

the regulation of outdoor advertising in all business areas, unzoned commercial or industrial areas and zoned commercial or industrial areas within 660 feet of the nearest edge of the right-of-way of all portions of the interstate and primary highway systems within the State of Arizona in which outdoor signs, displays and devices may be visible from the maintravelled way of said systems.

Arizona–Federal Agreement (November 18, 1971) (authorized by A.R.S. § 18–716 (Supp. 1970)). It is undisputed that the Arizona act was adopted to comply with the terms of the federal act,[3] in order that Arizona would receive its full share of federal highway funds.

Under the Arizona act, outdoor advertising signs are prohibited adjacent to highways if the sign is directed at and can be read from the highway, unless the advertising sign falls within specific exceptions. A.R.S. §§ 28–2102, 28–2103. The exceptions allow lawfully placed advertising signs within 660 feet of the right-of-way in business areas or in zoned or unzoned commercial or industrial areas. A.R.S. § 28–2102, subd. A(4), (5). Such outdoor advertising signs must bear state permits, except that signs "along highways in the secondary system which are not state highways need only bear permits required by the responsible county or municipal authority." A.R.S. § 28–2102, subd. B.

## III. DISCUSSION

The issue on appeal is whether the Arizona act preempts Arizona local governments from enforcing their outdoor advertising ordinances and regulations against signs regulated by the Arizona act, when a local government has not made a formal request to assume control over such signs, nor has the director of ADOT certified the local ordinance to the Secretary of Trans-

---

1. For a discussion of the legislative history of the federal act and a number of state acts, *see*, Cunningham, *Billboard Control Under the Highway Beautification Act of 1965*, 71 Mich.L.Rev. 1295 (1973); Lamm and Yasinow, *The Highway Beautification Act of 1965: A Case Study in Legislative Frustration*, 46 Den. L.J. 437 (1969).

2. In 1973, the Arizona legislature repealed A.R.S. §§ 18–711 et seq. and adopted essentially similar provisions, moving jurisdiction for enforcing the provisions of the Act from the State Highway Commission to ADOT. Laws 1973, ch. 146, § 69, adding A.R.S. §§ 28–2101, et seq. ADOT later adopted rules implementing the Arizona act. A.A.C. R17–3–701 (formerly R17–3–711); *National Advertising Company v. Arizona Dept. of Transportation*, 126 Ariz. 542, 617 P.2d 50 (App.1980).

3. *See* Laws 1978, ch. 45 § 1 (purpose of legislation amending Arizona Highway Beautification Act to conform certain sections to federal law).

portation, pursuant to A.R.S. § 28–2107.[4]

The plaintiff argues that the Arizona Highway Beautification Act preempts local regulation of advertising signs adjacent to highways, except when local authorities make an appropriate request to the ADOT director, who in turn must make the appropriate certification to the Secretary of Transportation.[5] ADOT and Pima County argue, however, that the Arizona act provides for dual state and local control of advertising signs adjacent to Arizona highways, and that A.R.S. § 28–2107 provides a method by which local government can exercise exclusive control over such advertising signs.

■ Because the interpretation of an Arizona statute involves legal rather than factual questions, we are not bound by the trial court's conclusions of law, and conduct a *de novo* review of the applicable statutes and regulations. *Arnold v. Arizona Department of Health Services*, 160 Ariz. 593, 603, 775 P.2d 521, 531 (1989); *Arizona State Board of Accountancy v. Keebler*, 115 Ariz. 239, 241, 564 P.2d 928, 930 (App.1977).

### A. *Preemption*

To resolve the issue of whether the Arizona act preempts local control of advertising signs adjacent to highways, we must determine whether the subject matter of regulation is of statewide or local concern, and whether state legislation has appropriated the field in this area. *Flagstaff Vending Co. v. City of Flagstaff*, 118 Ariz. 556, 559, 578 P.2d 985, 988 (1978). *Accord*

*Cota–Robles v. Mayor and Council of Tucson*, 163 Ariz. 143, 146, 786 P.2d 994, 997 (App.1989), citing *State v. Mercurio*, 153 Ariz. 336, 340, 736 P.2d 819, 823 (App. 1987). We find that the regulation of outdoor advertising signs along highways in Arizona is a matter of mixed statewide and local concern, and that the state statute does not appropriate the entire field, but recognizes concurrent control by local zoning authorities, as long as local regulations are more restrictive than and consistent with state law.

### 1. Regulation of Advertising Signs of Mixed Statewide and Local Concern

Under Arizona law, zoning is a matter of statewide concern. *Levitz v. State*, 126 Ariz. 203, 204, 613 P.2d 1259, 1260 (1980); *City of Scottsdale v. Scottsdale Associated Merchants, Inc.*, 120 Ariz. 4, 5, 583 P.2d 891, 892 (1978). Arizona law also recognizes local authorities' interest in zoning matters, as the Arizona legislature has delegated zoning powers to local authorities. A.R.S. § 9–462.01 (municipalities); A.R.S. §§ 11–802, 11–806 (counties). Advertising sign regulation, as part of zoning, is a matter of statewide concern. *Levitz*, 126 Ariz. at 205, 613 P.2d at 1261. Regulating signs and billboards is also a matter of local concern, and the power to regulate signs and billboards has been delegated to local authorities. A.R.S. § 9–462.01, subd. A(2) (specific delegation to municipalities); A.R.S. §§ 11–802, 11–806 (general delegation of zoning power to counties).

This delegation of authority is not absolute. Arizona law limits local authorities'

**4.** Federal law recognizes the zoning authority of the state, county and local authorities. 23 U.S.C. § 131(d). *See also* 23 C.F.R. § 750.706(c) (recognizing state's power to permit local control to substitute for state control of advertising signs under certain conditions including written notification to the Federal Highway Administration). Most states adopting legislation complying with the Highway Beautification Act of 1965 acknowledge concurrent zoning powers of the state and local governments, recognizing local governments' regulations to the extent that they are more restrictive than state law. *See e.g.,* California Business and Professional Code §§ 5227 et seq. (1990); Colo. R.S. § 43–1–416 (West 1990); N.J.S.A. 27:7A–20 (1966). Maryland has a comparable provision

that recognizes the concurrent zoning powers of state and local governments, and provides that control of regulation of outdoor advertising may pass to a political subdivision on certification to the Federal Highway Administrator. Maryland Code, Transportation § 8–736 (1977).

**5.** The plaintiff does not argue on appeal that the trial court erred in failing to find that it had a vested right to construct signs at the locations for which the state has issued permits. We therefore consider this issue abandoned on appeal. *Cagle v. Carlson,* 146 Ariz. 292, 294, 705 P.2d 1343, 1345 (App.1985), *cert. denied* 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 365 (1986).

exercise of their zoning power in specific instances when it imposes statewide requirements, such as due process hearing requirements, A.R.S. §§ 9–462.04, 11–829, and requirements for eliminating nonconforming uses, A.R.S. § 9–462.02. *See Levitz*, 126 Ariz. 203, 613 P.2d 1259 (all municipalities must follow statutory procedure for adopting zoning ordinances); *Scottsdale*, 120 Ariz. 4, 583 P.2d 891 (municipalities must purchase or condemn nonconforming uses to eliminate them).

■ We hold, therefore, that the regulation of advertising signs is a matter of both statewide and local concern, and that local authorities may regulate such signs unless the terms of their zoning ordinances conflict with state law, or a state statute evidences an intent to preempt local regulation of such signs. *Cf. City of Fort Collins v. Root Outdoor Advertising*, 788 P.2d 149, 152 (Colo.1990) (municipality may regulate billboards along highways unless ordinance conflicts with state law); *National Advertising Co. v. Dept. of Highways*, 751 P.2d 632 (Colo.1988) (billboard regulation along state highways is a matter of both state and local concern).

2. Arizona Highway Beautification Act Does Not Occupy the Field of Billboard Regulation

■ The plaintiff claims that the Arizona Highway Beautification Act is a limit on local governments' power to regulate signs along Arizona highways, and evidences the legislature's intent to appropriate the field by regulating billboards along Arizona highways. The plaintiff further argues that the Arizona act occupies the entire field of regulating outdoor advertising signs along highways in Arizona, and, because no local authority in Arizona has exercised its option to assume control of regulating outdoor advertising signs, pursuant to A.R.S. § 28–2107, no local zoning ordinances regulating outdoor advertising signs apply as to areas regulated by the Arizona act. ADOT and Pima County, however, argue that the Arizona act does not occupy the entire field, and that the statutory option at issue provides a way for

local governments to assume exclusive control of outdoor advertising sign regulation within its jurisdiction, but, in the absence of exercising that option, local governments have concurrent authority with the state to regulate signs along highways.

We agree with the trial court that the Arizona Highway Beautification Act evidences a legislative intent that the state and local governments exercise concurrent jurisdiction over the regulation of outdoor advertising signs along Arizona highways. The Arizona act contains the following mandate for its construction:

> The provisions of this article shall be cumulative and supplemental to other provisions of law and shall not be construed as affecting or enlarging any authority of counties, cities or towns pursuant to any other provisions of law which may exist to enact ordinances rigulating [sic] the sign, lighting, and spacing of outdoor advertising.

A.R.S. § 28–2109. Any construction of the Arizona act that preempts local governments from exercising their statutorily-delegated power to regulate zoning, and specifically to regulate signs within their jurisdiction, "affects" local governments' power "to enact ordinances regulating the size, lighting and spacing of outdoor advertising." Because there arguably is an inconsistency between this provision and A.R.S. § 28–2107 which allows local governments to "control" outdoor advertising along highways, we must attempt to determine the legislature's intent in adopting these apparently inconsistent provisions. *City of Mesa v. Killingsworth*, 96 Ariz. 290, 295, 394 P.2d 410, 413 (1964).

We find that the legislature's intent in adopting the Arizona Highway Beautification Act is to conform Arizona statutes to federal requirements so that Arizona will receive its full share of federal highway funds. Federal law does not require states to exercise exclusive control over sign regulation, but recognizes the zoning authority of the states and local governments. 23 U.S.C. § 131(d); 23 C.F.R. § 750.706(c) (recognizing state's power to permit local control to substitute for state control of

advertising signs under certain conditions). The parties have not brought to our attention, and we have not found, any other state statute having similar language to that of A.R.S. § 28–2107. *But see* Maryland Code, Transportation § 8–736 (1977) (recognizes concurrent zoning power of state and local governments, and allows control to pass to a political subdivision on appropriate certification); *Donnelly Advertising Corp. v. City of Baltimore*, 279 Md. 660, 370 A.2d 1127 (1977) (no preemption of municipal power to regulate billboards found).[6] *Cf. Whiteco Metrocom Div. v. Downers Grove*, 197 Ill.App.3d 174, 143 Ill.Dec. 159, 553 N.E.2d 1145 (1990) (Illinois Highway Advertising Control Act did not preempt more restrictive, consistent local ordinance); *Dingeman Advertising Inc. v. Village of Mt. Lion*, 157 Ill.App.3d 461, 109 Ill.Dec. 671, 510 N.E.2d 539 (1987) (municipality has right to regulate outdoor advertising signs under Illinois Highway Advertising Control Act).

A basic rule of statutory construction is that statutes must be read together to give meaning to all parts, and this court presumes that the legislature did not include meaningless or superfluous language. *O'Hara v. Superior Court*, 138 Ariz. 247, 250, 674 P.2d 310, 313 (1983); *Trickel v. Rainbow Baking Co.*, 100 Ariz. 222, 228, 412 P.2d 852, 855 (1966). As quoted, the Arizona act specifically states that it must be construed to "be cumulative and supplemental to other provisions of law." Under such a construction, the more restrictive law will control, and, because a more restrictive local ordinance will not threaten Arizona's ability to obtain its full portion of federal highway funds, such a construction is consistent with the act's purpose. In addition, another provision of the act anticipates that authorized outdoor advertising signs are "lawfully placed." A.R.S. § 28–2102, subd. A. We find that the reference to "lawfully placed" includes local law, if any exists, as the act also recognizes county and municipal authority to issue permits for outdoor advertising signs in its permitting provision. A.R.S. § 28–2102, subd. B.

The language of A.R.S. § 28–2107 does not conflict with our interpretation of the Arizona act, as we interpret § 28–2107 to provide a method whereby a local government may substitute its comprehensive zoning ordinance for state regulation of outdoor advertising signs along highways. The statute's reference to a local government's *assuming* control of outdoor advertising anticipates exclusive control, rather than the supplemental regulation anticipated by A.R.S. § 28–2109. The certification procedure complies with the written notification procedure established by federal regulations for a local government substituting its regulations for state control. 25 C.F.R. § 750.706(c).

## CONCLUSION

We find a distinction between the "control" anticipated by A.R.S. § 28–2107, and local governments' authority to regulate advertising signs. We interpret the Arizona act to impose standards for outdoor advertising sign regulation along highways that will allow Arizona to receive its full share of federal highway funds, but not to restrict the local governments' authority to impose more stringent regulations. Such concurrent regulation will not threaten Arizona's highway funding, as the more restrictive provisions will control.

Before a local government may exercise exclusive control over advertising sign regulation adjacent to highways, however, the

---

**6.** Michigan law also contains a certification procedure for local sign control along federally funded highways. *See* M.S.A. § 9.391(104) (1984). Under this statute, the Michigan legislature has stated its intention that the Michigan Highway Advertising Act "occupies the whole field of ... regulation and control" of the size, lighting, and spacing of outdoor advertising signs. *Central Advertising Company v. St. Joseph Township*, 125 Mich.App. 548, 337 N.W.2d 15 (1983) (Michigan Act does not preempt local regulation of outdoor advertising signs along highways "unrelated to the spacing, lighting and size of signs in adjacent areas" 337 N.W.2d at 17); *Dingeman Advertising Inc. v. Township of Saginaw*, 92 Mich.App. 735, 285 N.W.2d 440 (1979) (local ordinance prohibiting off-premises outdoor advertising signs preempted by Michigan Act (construing prior version of statute)).

state must be assured that the local authority is exercising "effective control" over the advertising signs as required by the federal act. 23 C.F.R. § 750.706(c). Therefore, we interpret A.R.S. § 28–2107 to require certification by the ADOT director to the Secretary of Transportation before a local authority may exercise exclusive control over advertising signs. Such certification is unnecessary if the state retains concurrent authority to regulate advertising signs along highways.

Because we find that the Arizona act does not require a local government to comply with A.R.S. § 28–2107 before it may impose more restrictive, consistent regulations of outdoor advertising along highways in Arizona, we affirm the trial court's grant of summary judgment in this case.

JACOBSON, P.J., and EHRLICH, J., concur.