852 P.2d 412

**WESTERN INSULATED GLASS COMPANY, an Arizona corporation; Glassco Incorporated dba Milam Glass Company, an Arizona corporation; Pendergast Concrete, Inc., an Arizona corporation, Plaintiffs–Appellants,**

v.

**Terry McKAY, Defendant–Appellee.**

No. 1 CA–CV 91–0134.

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 25, 1993.

Reconsideration Denied May 26, 1993.

Shull, Rolle, Watland & Kalyna, P.C. by Adrianne Kalyna, Karen P. Merritt, Phoenix, for plaintiffs-appellants.

Cruse, Firetag & Bock by Daniel A. Bock, Phoenix, for defendant-appellee.

## OPINION

MICHAEL J. O'MELIA, Superior Court Judge.*

The sole issue raised on appeal is whether the plaintiffs/appellants complied with Ariz.Rev.Stat.Ann. ("A.R.S.") § 33–993 when they filed a materialman's lien naming Dicor Inc. as the *reputed owner* of the property.

Plaintiffs contracted with Dicor to supply labor and material for the construction of a residence. The work was performed and Dicor failed to pay plaintiffs for their work. Dicor sold the property to Terry McKay on July 19, 1989.

On August 4 and 14, 1989, plaintiffs Glassco Inc. and Western Insulated Glass Company, respectively, recorded materialman's liens against the property. The liens named Dicor as reputed owner, but were properly served upon Terry McKay, the new owner. The trial court granted McKay's cross-motion for summary judgment, finding that plaintiffs had failed to strictly comply with A.R.S. § 33–993 by

"failing to name the true owner of the lien property within the body of the lien ..." The court further found that "[a]s between two innocent parties ... the burden must be borne by the Plaintiff who failed to strictly comply with the statutory requirements."

We are not bound by the trial court's conclusions of law when interpreting a statute. Thus we conduct a de novo review. *Libra Group Inc. v. State,* 167 Ariz. 176, 805 P.2d 409 (App.1991.) We must avoid construing a statute in a manner which would render it meaningless. *Campbell v. Superior Court,* 18 Ariz.App. 287, 501 P.2d 463 (1972). The trial court's interpretation of A.R.S. § 33–993 renders some language meaningless and may not be upheld.

■ We find that the trial court made an incorrect ruling of law. Contrary to the trial court's judgment, A.R.S. § 33–993 does not require that the materialman's lien name only the true owner of the liened property. The statute allows the materialman to name either the owner or reputed owner. A.R.S. § 33–993 provides that:

The notice and claim of lien ... shall contain:

\* \* \* \* \* \*

2. The name of the owner *or reputed owner* of the property concerned, if known,....

(Emphasis added.) A reputed owner has been defined as "one who has for all appearances title and possession of property; one who, from all appearances or from supposition, is the owner of a thing." *Lewis v. Midway Lumber, Inc.,* 114 Ariz. 426, 431, 561 P.2d 750, 755 (App.1977).

■ McKay argues that there was no evidence that plaintiffs made an effort to determine who owned the property, thus the plaintiffs did not comply with the statute. We agree with McKay that plaintiffs must make "reasonable efforts to ascertain the owner or reputed owner." *Id.* at 432, 561 P.2d at 756. However, whether plain-

* The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.

tiffs made an effort to determine who was the owner of the property, or whether they were entitled to rely on a reasonable supposition that Dicor still owned the property was not determined in the trial court and is a question of fact which remains to be decided.

This matter is reversed and remanded for further proceedings consistent with this opinion.

LANKFORD, P.J., and
KLEINSCHMIDT, J., concur.