## HERING v. CITY OF ROYAL OAK.

1. MUNICIPAL CORPORATIONS—ZONING—RESIDENCE RESTRICTIONS ON BUSINESS LOTS.

   City zoning ordinance restricting use of plaintiffs' property to residence uses *held,* unreasonable since such property is not suitable for residence purposes where it consists of five 20' x 100' lots located at the intersection of two main well-traveled highways, 2 of the 3 remaining corners are used for gasoline station purposes and third corner is owned by, but not used as, a church and no showing is made that the public health, safety and general welfare will be served by such restrictions and no contiguous property is in use for residences.

2. EVIDENCE—VIEW OF PREMISES.

   It was not error for trial judge to view premises involved in suit to enjoin enforcement of zoning ordinance in order to obtain information regarding traffic light at intersection at which property was located, where there was testimony showing the presence of a traffic light at the intersection.

3. MANDAMUS—AMENDMENT OF ORDINANCE.

   Provision of writ of mandamus directing city mayor and commissioners to amend zoning ordinance is set aside on concession of error in such respect.

4. SAME—QUESTIONS REVIEWABLE—REASONABLENESS OF ZONING ORDINANCE.

   The question of reasonableness and validity of a zoning ordinance may be raised by mandamus proceeding to compel city building inspector to issue a building permit.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning, § 142.
[1, 5] Zoning:    Creation by statute or ordinance of restricted residence districts within municipality from which business buildings or multiple residences are excluded.    19 ALR 1395; 33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659; 117 ALR 1117.
[4] 58 Am Jur, Zoning, § 235.
[6] 14 Am Jur, Costs, §§ 23, 91.

5. MUNICIPAL CORPORATIONS.—ZONING ORDINANCE—BUILDING PERMIT
—SERVICE STATION—MANDAMUS.

Where zoning ordinance restrictions as to plaintiffs' 5 business lots to residence use were unreasonable and void and gasoline stations were located on 2 of the other 3 corners of intersection, defendant city and its building inspector are directed to issue permit to plaintiffs for erection of gasoline and service station on their property.

6. COSTS—PUBLIC QUESTION—ZONING ORDINANCE—GASOLINE STATION.

No costs are allowed in mandamus proceeding to compel the issuance of a building permit for erection of a gasoline and service station notwithstanding provisions of zoning ordinance restricting lots to residence use, a public question being involved.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 4, 1949. (Calendar No. 44,319.) Decided December 7, 1949.

Petition by Julius M. Hering and others against City of Royal Oak and others for mandamus compelling issuance of building permit and to require amendment to building ordinance. Writ granted. Defendants appeal. Affirmed where it required that building permit be issued, reversed and remanded to set aside that part requiring amendment to ordinance.

*Stanton G. Dondero,* for plaintiffs.

*William C. Hudson* and *Glenn C. Gillespie,* for defendants.

BOYLES, J. Plaintiffs filed a petition in the circuit court for Oakland county for a writ of mandamus to compel the city inspector of the defendant city of Royal Oak to issue a building permit to plaintiffs for the erection of an automobile service station on plaintiffs' property. The petition also asked that

the mayor and city commissioners of Royal Oak be required to amend the zoning ordinance so as to change the classification of plaintiffs' property from residence "B" to business "B". The trial court granted the relief sought and the defendants appeal.

Most of the essential facts were stipulated in advance of the hearing in the trial court. Plaintiffs are the owners of lots 12, 13, 14, 15 and 16 of Bassett & Smith's First Street subdivision in Royal Oak, Oakland county, which they inherited from their parents. In 1941 and 1943 these lots became State property for nonpayment of taxes and the plaintiffs reacquired them under the so-called scavenger sale in 1943 and 1944. Each lot has a frontage of 20 feet on Eleven-Mile Road and is 100 feet in depth. The property is located at the corner of Campbell Road and Eleven-Mile Road in said city, and constitutes a parcel 100 feet square at said intersection. It is part of territory annexed to the city of Royal Oak in 1942. These lots were originally intended as business lots by the subdividers and remained without further classification until the zoning ordinance of the city of Royal Oak was extended in 1943 to cover the property.

Ordinance No 431 was adopted by the city on July 6, 1943, extending the provisions of the existing zoning ordinance to the annexed territory and dividing said territory into use districts. Under said ordinance the lots involved in this case are restricted to residence "B" purposes. On May 15, 1944, ordinance No 448 was adopted which re-enacted the zoning ordinance and its various amendments, including the uses permitted in residence "B" districts. No commercial, business or industrial use of the property involved is permitted under the ordinance now in effect.

Eleven-Mile Road and Campbell Road are both 2-lane, well-traveled, paved highways. Campbell

Road carries less traffic than Eleven-Mile Road and is the first paved highway east of Main street in Royal Oak that extends directly from the Eight-Mile Road to the Twelve-Mile Road. Eleven-Mile Road is one of the principal east and west highways leading through the city of Royal Oak. Both sides of Eleven-Mile Road, between Campbell Road and Main street, are zoned for business purposes and many businesses have been established there. There are no buildings on the east side of Campbell Road north of Eleven-Mile Road for a considerable distance but there are some one-family residence buildings on the west side of Campbell Road.

Plaintiffs' property is located on the northeast corner of the intersection of Eleven-Mile Road and Campbell Road. The property at the southeast corner of the intersection is owned by a church organization and is vacant. The property at the southwest corner of said intersection is occupied by and in use as a gasoline station and automobile repair shop. The northwest corner of said intersection is also zoned for business "B" purposes and is also occupied by and used for a gasoline station business. On 2 occasions in 1946, and again in 1947, plaintiffs requested the city commission to change the zoning classification to business "B" so as to allow business use of the property involved. The city planning commission recommended that the classification be changed to business "B", but the city commission refused to make the change. In 1948, plaintiffs made an application to the city inspector for a permit to construct an automobile service station on the property involved. The application was denied and the permit refused because of the zoning classification of the property for residence purposes. An appeal was taken by the plaintiffs to the board of appeals on zoning, but the appeal was denied on the ground that the board had no jurisdiction to consider the

matter in view of the action taken by the city commission. The instant case followed.

On this appeal, the essential question presented for decision is whether the zoning ordinance is unreasonable as applied to plaintiffs' property by preventing its use for business purposes. On that issue proofs were taken.

Eleven-Mile Road is well traveled as a main highway leading into Royal Oak. Both sides between the principal business street of Royal Oak—Main street—and Campbell Road are zoned for business use, and many business places are located in that area. Campbell Road is also a well-traveled highway, the first main north-and-south highway east of Main street in Royal Oak. It is extensively used as a highway to by-pass the business section on Main street through Royal Oak by those traveling between Eight-Mile Road and Twelve-Mile Road. Two of the 3 corners opposite plaintiffs' property at the intersection of Eleven-Mile Road and Campbell Road are occupied by and used for gasoline stations. The third corner is owned by but not used as a church. Plaintiffs' property, from the time they originally acquired it until 1943, was platted and intended for business and never restricted. It remained business property until July 6, 1943, when the ordinance in question first zoned it for residence "B" purposes. We are unable to find in the record any testimony which indicates that public health, safety and general welfare will be served by restricting the use of plaintiffs' property to residence purposes only. Their property fronting on Eleven-Mile Road is not within a residential area, there is no contiguous property in use for residences. On the contrary, and mainly controlling here, is the fact that 2 other corner properties at the intersection in question are now in use for gasoline stations, the same use that plaintiffs requested the defendants to

permit for their property.   The testimony bears out the conclusion that plaintiffs' property is not suitable for residence purposes.   We agree with the trial court that the ordinance is unreasonable as applied to said property of plaintiffs.

Appellants question the right of the trial judge to view the intersection in question and to obtain information regarding the traffic light at the intersection.   There is testimony in the record to show the presence of a traffic light at the intersection.   It was not error to view the premises.   *Toussaint* v. *Conta,* 292 Mich 366.   The appellants claim that the court was in error in issuing a writ of mandamus directing the mayor and city commissioners to amend the ordinance.   On oral argument counsel for the appellees concedes this was error and consents that it may be set aside.   The appellants argue that mandamus will not lie to compel the defendant city inspector to issue the building permit, there being no clear legal duty to do so.   The reasonableness and validity of the zoning ordinance may be raised by the mandamus proceeding.   *Senefsky* v. *City of Huntington Woods,* 307 Mich 728 (149 ALR 1433); *Frischkorn Construction Co.* v. *Redford Township Building Inspector,* 315 Mich 556; *Faucher* v. *Grosse Ile Township Building Inspector,* 321 Mich 193.

An order may be entered in this Court affirming the judgment as entered in the circuit court granting a writ of mandamus directing the defendant city and the city inspector to issue a building permit to the plaintiffs for the erection of a gasoline and service station on said property, and remanding with directions to set aside that part of the judgment and writ of mandamus commanding the mayor and common council to amend the ordinance.   No costs, a public question being involved.

SHARPE, C. J., and BUSHNELL, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.