## BISKE v. CITY OF TROY.

1. MUNICIPAL CORPORATIONS—ZONING—CITY PLANNING.

   Plans of communities containing much undeveloped land should be given more weight than when the subject area is highly developed, when passing upon validity of zoning ordinances or their application.

2. SAME—PRECEDENTS—COURTS—SUDDEN GROWTH OF CITIES.

   Sudden growth of cities may require courts to re-evaluate their predilection of looking to precedents of past, particularly in area of city planning and urban renewal, since cities are rapidly changing, being faced with problems not present in the past, and while the courts remain arbitrators of disputes which will inevitably arise, they should not require solutions thereto which apply the reasoning of the past and stifle ultimate solutions to new urban problems.

3. SAME — ZONING — BURDEN OF PROOF — REASONABLENESS OF ORDINANCE.

   Party attacking the zoning ordinance applicable to a parcel of land has burden of proving that the zoning is unreasonable and bears no substantial relationship to public health, morals, safety, and general welfare.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5-7]  58 Am Jur, Zoning § 27 et seq.
[2]  58 Am Jur, Zoning § 14 et seq.
[3]  58 Am Jur, Zoning § 256.
[4]  58 Am Jur, Zoning §§ 21, 22.
[8]  24 Am Jur, Gasoline Stations §§ 10, 11.

4. SAME—ZONING—FUTURE DEVELOPMENT.

　Reasonableness of a particular zoning must be determined by considering not just the relationship of existing circumstances to the land in question, but also the planned area development of a political body having authority to plan and implement future development.

5. SAME—MASTER PLAN—SPECULATION.

　Master plan for future development of city is not necessarily unreasonable merely because it is speculative in nature, since so to hold would nullify all city planning.

6. SAME—MASTER PLAN.

　The fact that a master plan for future development has been adopted by a responsible political body is of itself evidence of reasonableness.

7. SAME—ZONING—UNDEVELOPED AREA—JUDGMENT—COURTS.

　Judgment invalidating the zoning of plaintiffs' property in an undeveloped city solely upon consideration of present circumstances surrounding the use thereof and a determination that the city's master plan for development was speculative, *held,* error, since the zoning is presumed to be valid, planned future development by responsible political bodies in undeveloped areas being lawful, although speculative, unless the plan for such future development is itself unreasonable.

8. SAME—ZONING ORDINANCE—GASOLINE STATION.

　Trial court's refusal to order city to approve erection of gasoline station as a specific land use requested by plaintiffs *held,* proper, where it is determined that the ordinance zoning such property so as to preclude such use was reasonable.

Appeal from Oakland; Pratt (Philip), J. Submitted Division 2 December 7, 1966, at Lansing. (Docket No. 1,096.) Decided April 25, 1967. Rehearing denied June 5, 1967. Leave to appeal granted August 3, 1967. See 379 Mich 774.

Complaint by George Biske, deceased, succeeded by Elsie Biske and H. J. Hall, Jr., owners of certain property in the City of Troy, seeking a determination that the zoning of a portion of that property by the City of Troy was invalid, and requesting that the trial court order the city to

allow the construction of a gasoline station on part of the property. The trial court held the zoning ordinance invalid, but did not order the allowance of the specific use requested. Plaintiffs appeal and defendant cross-appeals. Reversed as to holding of invalidity. Affirmed as to order not allowing specific use requested.

*Samuel W. Barr* and *Berry, Moorman & King,* for plaintiffs.

*Burke & Sawyer* (*Stanley E. Burke,* of counsel), for defendant.

McGREGOR, J. The appellants are owners of land in the city of Troy and instituted a suit after an adverse ruling by the city on an application to rezone the property. The suit asked for the relief that the present office building zoning of the land be declared invalid and that a specific land use be declared which would allow the construction of a gasoline station. The lower court ruled that the present zoning was invalid, but did not order a specific land use. The appellants argue that the relief granted by the trial court was incomplete as they are still unable to build a gasoline station upon the land, as they desire. The appellee city of Troy has filed a cross-appeal, claiming the trial court erred in declaring the zoning invalid, and seeks a reversal.

The subject land is located on the northwest corner of the intersection of Livernois and Big Beaver (also known as Sixteen Mile) roads. The usable portion of the disputed parcel measures 150 x 200 feet. The appellants have taken the rights of their predecessor who had entered into an agreement with a major oil company to convey the land for the

purposes of a retail gasoline station, subject to the required rezoning of the property.

The city of Troy came into being in December of 1955. Since that time, it has experienced the type of growth not dissimilar to the growth experienced by countless communities across our nation, which are located close to large metropolitan areas. In these days of rapid automobile transportation and high speed expressways, these once-rural communities tend to become more and more like the larger cities they surround. The city of Troy is beginning to be caught in what has been called the "urban sprawl."

The city of Troy has already experienced a growth which has seen its population double in about a decade. In the last few years, the city has been the recipient of a portion of the interstate-75 expressway, which connects it with the center of downtown Detroit, just 14 miles to the south. A major interchange on the expressway is just .3 of a mile west of the parcel in question. There seems little doubt that the city of Troy, with its vacant land and recent expressway additions, will experience continued growth in the future. Evidence was presented that the city is now on the brink of tremendous growth.

The local officials, obviously recognizing the dangers of lack of municipal foresight, have attempted to zone the property in accordance with a "master plan." There is some dispute as to whether the master plan has been formally adopted by the city, however, it is clear that the zoning of the city of Troy has been in accord with the master plan, whether it has been formally adopted or not. The master plan envisions a civic center, built just east of the expressway interchange. It is proposed that the civic center will be surrounded by shopping

centers, office buildings, and parking facilities. The city's high school presently adjoins the land of the proposed civic center and is in close proximity to the appellants' property. The appellants' property lies on the major corner of what is envisioned as the business, civic, and professional heart of the city's development. The area zoned for expressway service, such as gasoline stations and motels (there is a reservation in the land sales agreement for a motel, although any zoning question involving a motel is not before this Court), is about one-half mile west of the subject parcel and across the expressway. Testimony was introduced that the expressway service type business was not included in the plans for the civic center area because of a desire to minimize the exits and entries to the street in an area where extensive pedestrian traffic is expected.

Upon two of the corners of the intersection of Livernois and Big Beaver roads are modern gasoline stations of major oil companies. These stations were built before the zoning code of the city of Troy was established in 1957, and now constitute nonconforming uses. The zoning of these lots would not now allow the construction of gasoline stations and the zoning ordinance prohibits the expansion of the existing stations. The other corner was, at the inception of this suit, vacant and the appellants' property was vacant, save for a residential structure which was surely doomed to destruction if the envisioned development of the area came anywhere close to the projections.

The trial court's opinion recognized the good intentions of the city planners, however, it ruled that the zoning of property must be viewed in light of the existing circumstances and that, under the present circumstances, including the existence of

similar nonconforming uses in close proximity to the subject parcel, the zoning of the subject parcel allowing use only for an office building was invalid, as it bore no direct or substantial relationship to public health, safety, and general welfare.

Such zoning problems are not new to the courts of Michigan. Indeed, the zoning ordinances and master plans of the city of Troy have been previously considered and invalidated. See *Christine Building Co.* v. *City of Troy* (1962), 367 Mich 508, *Roll* v. *City of Troy* (1963), 370 Mich 94. Although such invalidation was not without recantation:

"Of particular reference are the *Troy Cases.**
In both cases, the writer was on the prevailing side which found the zoning invalid, yet upon added reflection it would seem that a contrary result might have been reached had we not tended to discredit what appeared to be the speculative nature of population projections (and community needs predicated thereupon) by Troy's witnesses." *Padover* v. *Township of Farmington* (1965), 374 Mich 622, 641, concurring opinion of Justice OTIS M. SMITH.

The exhibits and records of the lower court show that the area in question is not extensively developed at the present time but contains much vacant land. Where there is much undeveloped land, the plans of the communities should be given more weight than when the subject area is highly developed. *Padover* v. *Township of Farmington, supra.*

In this whole area of city planning and urban renewal, the courts may have to re-evaluate their predilection of looking to precedents of the past. American cities are changing and they face prob-

---

* *Christine Building Co.* v. *City of Troy, supra; Roll* v. *City of Troy, supra.*

lems which have not been faced in the past. The courts, while remaining independent arbitrators of the disputes that inevitably arise because of such change, should not require solutions to the disputes which apply the reasoning of the past and stifle ultimate solutions to new urban problems.

It is without doubt the burden of the party attacking the zoning of a parcel of land to prove that the zoning is unreasonable and bears no substantial relationship to public health, morals, safety, and general welfare. *Hammond* v. *Bloomfield Hills Building Inspector* (1951), 331 Mich 551. It is the opinion of this Court that the trial court erred in holding that the unreasonableness must be shown only in relationship to existing circumstances of the land in question. The reasonableness of a particular zoning must also be considered in the light of planned area development of a political body having the authority to plan and implement such future development. *Brae Burn, Inc.* v. *Bloomfield Hills* (1957), 350 Mich 425. In this case, it is clear the zoning authority of the city of Troy zoned area land in accordance with a formal master plan for community development. We find no claim or indication that such master plan was unreasonable, but merely the claim that it was speculative. An area plan that is speculative, but adopted, formally or informally, is not necessarily unreasonable. The fact that it has been adopted formally or informally by a responsible political body is of itself evidence of its reasonableness. City plans and projections are necessarily speculative, and to hold that they are void by reason of their speculative nature would have the effect of nullifying all city planning.

This Court is unimpressed with the appellants' argument that this case is controlled by *Hering* v. *City of Royal Oak* (1949), 326 Mich 232. In that

case, the Supreme Court ruled that it was unreasonable for the city of Royal Oak to refuse to allow a gasoline station on an intersection where there were already located two other gasoline stations. Except for the surface similarity of a property owner attempting to have his corner property rezoned in order to build a third gasoline station on a given intersection, this case is not in point. In *Hering* there is no evidence of a comprehensive area development plan, nor any reasonable basis for the prior residential zoning. It is the overwhelming precedent that zoning cases shall be treated on an individual basis. *Senefsky* v. *City of Huntington Woods* (1943), 307 Mich 728 (149 ALR 1433), *Hitchman* v. *Township of Oakland* (1951), 329 Mich 331.

The judgment of the trial court invalidating the present zoning of the subject parcel is reversed. The judgment of the trial court refusing to order the specific zoning of the subject parcel to accommodate a gasoline station is affirmed. Costs to appellee and cross-appellant.

T. G. KAVANAGH, P. J., and J. H. GILLIS, J., concurred.